UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

      Plaintiff,

                                          CASE NO.: 2:19-cv-11673

v.

                                          District Judge Linda V. Parker

BEAUMONT HEALTH and RACHEL LUCA,      Magistrate Judge David Grand

      Defendant.

---

**Lisa C. Ward (P38933)**
Attorney for Plaintiff
Law Office of Lisa C. Ward, PLLC
4131 Okemos Rd., Ste. 12
Okemos, MI 48864
(517) 347-8100
lisacwardlaw@gmail.com

**Eric J. Pelton (P40635)**
**Shannon V. Loverich (P53877)**
Attorneys for Def. Beaumont Health
Kienbaum Hardy Viviano
    Pelton & Forest, PLC
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

---

## JOINT STATUS REPORT

     A Rule 16 Scheduling Conference is scheduled for October 3, 2019, at 11:30 a.m. before the Honorable Judge Linda V. Parker, 231 W. Lafayette Blvd., Chambers 204, Detroit MI. Appearing for the parties as counsel will be:

     For Plaintiff:                           Lisa C. Ward
     For Defendant Beaumont Health:    Eric J. Pelton, Shannon V. Loverich

1. <u>Jurisdiction:</u> The basis for the Court's Jurisdiction is as follows:

    (i) This Court has original jurisdiction pursuant to 42 USC 20003-5 and 28 USC 1331, 1343(a)(4).

    (ii) Based upon the information available at this time, there are no objections to jurisdiction.

2. <u>Jury or Non Jury:</u> This case is to be tried before a jury.

3. <u>Judicial Availability:</u> Both parties do not agree or consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, or to order the entry of final judgment.

4. <u>Default Judgment:</u>

    (i) **Plaintiff's Position:** Pursuant to the clerk's Entry of Default on August 30, 2019, the following facts regarding Defendant Luca have been established:

    (a) Defendant Luca is an employee of Defendant Beaumont Health.

    (b) Around July 2018, after learning that Plaintiff was bisexual, coworker Defendant Luca began making sexually harassing comments toward Plaintiff.

    (c) On or about July 29, 2018, while at work, Defendant Luca put her hand down Plaintiff's shirt and pinched Plaintiff's nipple, pulling Plaintiff's breast out of her bra cup.

    (d) On July 30, 2018, at approximately 5:30 AM, Defendant Luca made comments about her "beautiful vagina" and used her phone to look up pictures of vaginas. Defendant Luca showed Plaintiff the pictures and ask Plaintiff questions such as, "Do you like that? Is that what you like?" and stating "I could never," referring to being gay.

    (e) Defendant Luca continued to discuss the incidents of sexual harassment at work and accused Plaintiff of "concoct[ing] a story to get [Luca] fired" after Plaintiff filed grievances regarding the incidents of sexual harassment to her supervisor and Human Resources on August 6, 2018.

    (f) On September 23, 2018, Plaintiff became aware that Defendant Luca was yelling about Plaintiff's report of sexual harassment while she was at work on September 14, 2018, and that Defendant Luca told a coworker that Plaintiff had lied about the claim of sexual harassment on September 17, 2018.

(ii) **Defendant's Position:** Defendant Beaumont Health 's position regarding Plaintiff's Motion for Default Judgment will be set forth in its Objection to Plaintiff's Motion for Default Judgment if Plaintiff refuses to withdraw the motion or to delay the motion until liability of Defendant Beaumont Health has been adjudicated. Plaintiff has asserted no legal basis in the Complaint to proceed against Defendant Luca, as Title VII's anti-discrimination provisions do not provide a basis for individual liability against coworkers. Further, well-established case law holds that where multiple Defendants are jointly liable or have similar defenses, the court should delay the entry of a default judgment against the non-responding party until final adjudication on the merits.

5. Statement of the Case:

(i) **Plaintiff's Statement of the Case:**
- Plaintiff, Kristina Garcia, is an openly bisexual woman and was hired as a Respiratory Therapist at Defendant Beaumont Health in May 2011. Plaintiff performed her duties in a satisfactory manner at all times relevant to this matter. On August 6, 2018, Plaintiff filed her first written grievance regarding the incidents of Defendant Luca's sexual harassment to her supervisor. On September 10, 2018, Plaintiff filed a second written grievance to the Human Resources Director and about two weeks later, Plaintiff submitted a written affidavit to the Department of Human Resources.

- On September 26, 2018, Plaintiff took a medical leave from work. Plaintiff returned to work on October 3, 2018, and requested that she not be assigned to work with Defendant Luca. Despite these requests, Plaintiff was frequently scheduled to work with Defendant Luca. Plaintiff notified her supervisor about Defendant Luca's continued retaliation against Plaintiff during these shifts and on October 8, 2018, Plaintiff's supervisor, Antionette Carroll, informed Plaintiff that she had not yet heard back from Human Resources about Plaintiff's complaints. Carroll also told Plaintiff that they would "pay attention" when scheduling Plaintiff and Defendant Luca. Human Resources finally requested a meeting with Plaintiff about the July incidents on October 24, 2018, but the meeting never occurred.

- Defendant Luca was an employee of Defendant Beaumont Health during Defendant Luca's sexual harassment of Plaintiff. Therefore, pursuant to Title VII and under the doctrine of respondeat superior liability, the following violations of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e *et seq.*, are attributable to Defendant Beaumont Health: Sex Discrimination, Sexual Orientation Discrimination, and Retaliation.

(ii) **Defendant's Statement of the Case:**
- Defendant Beaumont Health denies Plaintiff's allegations. Plaintiff Kristina Garcia is currently employed as a Respiratory Therapist with Defendant Beaumont Health. In

August 2018, Plaintiff complained that her coworker, Defendant Luca, made inappropriate sexual comments and inappropriately touched her breast. Defendant Beaumont Health immediately investigated, and Plaintiff's complaints were not substantiated. Nevertheless, Defendant Beaumont Health counseled Defendant Luca, and Plaintiff never lodged another complaint alleging further inappropriate sexual comments or conduct by Luca or anyone else. Plaintiff subsequently complained, however, that Defendant Luca "retaliated" against her by telling other coworkers that Plaintiff's allegations about her were lies. Again, Defendant Beaumont Health counseled Luca.

- Plaintiff's claims of sex discrimination and retaliation under Title VII of the Civil Rights Act fail as matter of law because she was not treated differently because of her sex or sexual orientation, and she has failed to establish the requisite elements of any purported hostile work environment or retaliation claim. In addition, whether Title VII protects against sexual orientation discrimination is an open legal question presently before the U.S. Supreme Court for resolution.

6. <u>Relief Sought by Plaintiff</u>:

(i) **Plaintiff's Position:** Plaintiff requests legal relief, including a judgment for lost wages and benefits, compensatory damages, punitive and exemplary dames, and an award of interest, costs, and reasonable attorney's fees. Additionally, Plaintiff requests equitable relief, including an injunction prohibiting any further acts of retaliation or discrimination, interest and costs, and any other relief that appears appropriate at the time of trial.

(ii) **Defendant's Position:** Defendant Beaumont Health contends that Plaintiff's complaints are without merit. Defendant Beaumont Health denies that Plaintiff is entitled to any legal or equitable relief whatsoever.

7. <u>Prospects of Settlement</u>: There have been no settlement discussions since this case was filed.

8. <u>Joinder of Parties and Amendments of Pleadings</u>:

(i) **Plaintiff's position:** Plaintiff expects to file all motions for joinder of the parties to this action and file all motions to amend the pleadings by **November 4, 2019.**

(ii) **Defendant's Position:** Defendant Beaumont Health does not currently anticipate any amendments to its pleadings.

9. <u>Disclosures and Exchanges</u>: Fed. R. Civ. P. 26 (a)(1) requires initial disclosures unless the Court orders otherwise.

(i) **Plaintiff's Position:**

    (a) Fed. R. Civ. P. 26 (a)(1) initial disclosures: The parties agree that Rule 26 (a)(1) disclosures will be due by **November 4, 2019**.

    (b) Fed. R. Civ. P. 26 (a)(2) disclosures: Plaintiff will furnish the name, address, area of expertise, and a short summary of expected testimony of each expert witness to the other parties by **December 2, 2019**. Defendant Beaumont Health will furnish the name, address, area of expertise, and a short summary of expected testimony of each expert witness to the other parties by **January 2, 2020**.

    (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26 (a)(2). Reports, if required, should be exchanged according to the following schedule:

        **Plaintiff's expert reports by February 3, 2020.**
        **Defendant's expert reports by March 4, 2020.**

    (d) The parties are unable to agree on voluntary production at this time.

(ii) **Defendant's Position:**

    (a) Defendant Beaumont Health recommends that Rule 26 (a)(1) disclosures be provided by October 15, 2019.

    (b) Defendant Beaumont Health recommends that expert discovery, if necessary, be held after the Court's dispositive motion rulings.

10. <u>Discovery:</u>

(i) The parties recommend the following discovery plan:

    (a) The parties propose that all discovery limitations and deadlines remain the same as those listed in the Federal Rules of Civil Procedure:

        (1) The parties will agree to 10 depositions per side, not including experts.

        (2) The parties will agree that each side will be allowed 25 single part question interrogatories.

        (3) The parties will agree that each deposition should be kept to one day, and consist of no more than 7 hours.

 (b) All changes to the timing and form of Rule 26 (a) disclosures are discussed in Section 9 of this JSR.

 (c) The parties agree that discovery in phases will not be necessary.

 (d) The parties do not anticipate issues of privilege at this time. The parties agree to defer to the Federal Rules of Civil Procedure and Local Rules for the procedure of how to deal with any privilege issues that arise.

 (e) The parties will defer to the Federal Rules of Civil Procedure as to limitations on discovery.

 (f) The parties do not anticipate the need for any other orders under Rule 26 (c).

(ii) **Plaintiff's Position:** Plaintiff believes that all discovery proceedings can be completed by **October 5, 2020.**

(iii) **Defendant's Position:** Defendant Beaumont Health intends to seek Plaintiff's deposition and written discovery regarding her allegations and purported damages. Defendant Beaumont Health submits the following proposed schedule for discovery and other events:

| Event | Date |
| --- | --- |
| Initial disclosures | October 15, 2019 |
| Lay Witness List | March 15, 2020 |
| Close of fact discovery | April 17, 2020 |
| Dispositive Motion cut off | May 20, 2020 |
| Close of expert discovery | Expert discovery to be held after dispositive motion ruling; two-month expert discovery window (if needed) |
| Expert witness list and disclosure (Plaintiff) | Two weeks after ruling on dispositive motion. |
| Expert witness list and disclosure (Defendant) | Four weeks after ruling on dispositive motion |

(iv) Plaintiff and Defendant Beaumont Health will seek a protective order that covers such documents as:

    (a) **Plaintiff's Position:** tax records and confidential health information

    (b) **Defendant's Position:** confidential and proprietary business records or confidential information and other records regarding individuals who are not parties to this litigation. If necessary, Defendant Beaumont Health will seek Plaintiff's concurrence on a mutually agreeable protective order that will be submitted to the Court for consideration and entry.

    (c) The parties do not have any other outstanding or anticipated discovery disputes at this time.

11. <u>Disclosure or Discovery of Electronically Stored Information:</u>

(i) **Plaintiff's Position:** Emails will likely be a part of the discovery requests. The discovery of e-mail is not expected to be voluminous or burdensome beyond an amount that would be considered normal for a similar case. Plaintiff does not anticipate any unique or unusual issues that arise.

(ii) **Defendant's Position:** Defendant Beaumont Health agrees that electronic data as paper copy files or .pdf files, as opposed to native files. The parties reserve the right, however, to ask for particular documents to be provided as native files as necessary.

12. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u> The parties do not anticipate issues of privilege at this time. The parties agree to defer to the Federal Rules of Civil Procedure and Local Rules for the procedure of how to deal with any privilege issues that arise.

13. <u>Motions:</u>

    (i) The parties acknowledge that E.D. Mich. LCivR 7.1 (a) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

    **(ii) Plaintiff's Position:**

        (a) Plaintiff filed a Motion for Default Judgment against Defendant Luca on **September 20, 2019**. Currently, the unopposed Motion is pending before the Court.

  (b) <u>Dispositive Motions</u>: Plaintiff anticipates that all pre-motion conference requests will be filed prior to 60 days before trial.

 (iii) **Defendant's Position:** Defendant Beaumont Health will file an objection to Plaintiff's Motion for Entry of Default Judgment if Plaintiff does not voluntarily withdraw the motion or agree to delay the ruling on such motion until there has been a final adjudication on the merits.

  (a) Defendant Beaumont Health will file a motion for summary judgment seeking the dismissal of Plaintiff's claims in their entirety.

14. <u>Alternative Dispute Resolution:</u>

(i) **Plaintiff's Position:** Plaintiff recommends that this case be submitted to voluntary facilitative mediation prior to the close of discovery.

(ii) **Defendant's Position:** Defendant Beaumont Health recommends that this case be submitted to either a magistrate's settlement conference or voluntary facilitative mediation, if necessary, after the close of discovery.

15. <u>Length of Trial:</u>

(i) **Plaintiff's Position:** Plaintiff estimates the trial will last approximately 10 business days, allocated as follows: 5 days for Plaintiff's case, 5 days for Defendant Beaumont Health's case.

(ii) **Defendant's Position:** Defendant Beaumont Health estimates that a trial would last approximately 4 days.

16. <u>Electronic Document Filing System:</u> Counsel are reminded that Local Civil Rule 5.7 (a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or particular document is not eligible for electronic filing under this rule. *Pro Se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

17. <u>Other:</u> The parties have no other anticipated issues at this time that need to be addressed.


Dated: <u>September 30, 2019</u>　　　　BY:　/s/ ___Lisa C. Ward___
　　　　　　　　　　　　　　　　　　　　Lisa C. Ward (P38933)
　　　　　　　　　　　　　　　　　　　　Law Offices of Lisa C. Ward, PLLC
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　4131 Okemos Road, Suite 12
　　　　　　　　　　　　　　　　　　　　Okemos, MI 48864
　　　　　　　　　　　　　　　　　　　　(517) 347-8100


Dated: <u>September 30, 2019</u>　　　　BY:　/s/ ___Shannon V. Pelton___
　　　　　　　　　　　　　　　　　　　　Eric J. Pelton (P40635)
　　　　　　　　　　　　　　　　　　　　Shannon V. Loverich (P53877)
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Beaumont Health
　　　　　　　　　　　　　　　　　　　　　　Pelton & Forest, PLC
　　　　　　　　　　　　　　　　　　　　280 N. Old Woodward Ave., Suite 400
　　　　　　　　　　　　　　　　　　　　Birmingham, MI 48009
　　　　　　　　　　　　　　　　　　　　(248) 645-0000