UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and RACHEL LUCA,

    Defendants.

Case No: 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

_____/

Lisa C. Ward (P38933)
Law Offices of Lisa C. Ward, PLLC
Attorney for Plaintiff
4131 Okemos Road, Suite 12
Okemos, MI 48864
517-347-8102
lisacward@aol.com

Kienbaum Hardy Viviano Pelton
 & Forrest, P.L.C.
By: Eric J. Pelton (P40635)
    Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

_____/

**DEFENDANT BEAUMONT'S OBJECTION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

### I. STATEMENT OF FACTS

On June 6, 2019, Plaintiff Garcia filed a Complaint against Defendants Beaumont Health and Rachel Luca alleging sex discrimination, "sexual orientation" discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant Beaumont entered an appearance through counsel and timely answered the Complaint on August 19, 2019. Plaintiff claims Defendant Luca was served with the Complaint, failed to appear or respond, and default was entered on August 30, 2019. Plaintiff has now filed a Motion for Default Judgment against Luca and seeks, among other things, $300,000 in emotional distress damages relying on a "bare bones" affidavit that provides no explanation for this amount.

Plaintiff's Complaint is based entirely upon Title VII. As discussed below, Title VII's anti-discrimination protections do not provide a basis to proceed against individual non-employer defendants. Yet, Plaintiff's counsel insisted at the Rule 26(f) conference that she intends to push ahead with plaintiff's motion for default judgment. The Rule 26(f) report being submitted by the parties also reflects numerous "admissions" Plaintiff seeks to draw from Defendant Luca's default. Admissions that could prejudice Defendant Beaumont. The Complaint also contains numerous allegations of fact that do not necessarily distinguish between

1

the two Defendants and Plaintiff's claims of discrimination and retaliation refer primarily to Defendants' actions without distinguishing between the Defendants.

## II. ARGUMENT

Prior to the entry of default judgment, the Court is required to conduct an inquiry into the appropriateness of Plaintiff's claim to damages. Here, there is no basis for a default judgment against Luca because there is no legal basis for Luca's liability. As such, the default judgment should be denied and the claims against Luca dismissed. Alternatively, based on well-settled U.S. Supreme Court authority, Plaintiff's Motion for Default Judgment against Defendant Luca should at least be delayed until the matter is fully adjudicated.

**A.     Plaintiff Fails to Plead a Legal Claim Against Defendant Luca.**

Although Fed.R.Civ.P. 55(b)(2) authorizes a court to enter default judgement against a party whose default has been entered by the clerk, the court must still conduct an inquiry into the appropriateness of the requested default judgment. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Vesligaj v. Peterson*, 331 Fed. App'x 351, 355 (6th Cir. 2009). Further, even though a defaulting defendant is considered to have admitted all of the well-pleaded allegations relating to liability, *Antoine*, 66 F.3d at 110, the court must still consider whether the unchallenged facts constitute a legitimate cause of action because a default does not admit conclusions of law. *Cunningham v. MEC*

2

*Enterprises, Inc.*, 2012 WL 1094330, at *3 (E.D. Mich. March 2, 2012) (denying motion for default judgment where allegations in complaint did not constitute a legitimate cause of action; "before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit mere conclusions of law") (internal citations omitted); *J & J Sports Productions, Inc. v. Romenski,* 845 F. Supp. 2d 703, 705 (W.D. N.C. 2012) (defaulting defendant is not deemed to have admitted conclusions of law; "in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought"); *Agora Fin, LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (party moving for default judgment must show that allegations "constitute a legitimate cause of action"); *Bonilla v. Trebol Motors Co.,* 150 F.3d 77, 80 (1st Cir. 1998) (plaintiff's conclusions of law are not deemed established upon entry of default); *Brown v. Gojcaj Foods, Inc.*, No. 09-14537, 2011 WL 6370987, at *8 (E.D. Mich. Dec. 20, 2011) ("defendant's default does not itself warrant the court in entering a default judgment[;] [t]here must be a sufficient basis in the pleading for the judgment entered").

Plaintiff's Complaint fails to state a claim against Luca on which relief can be granted. Title VII does not provide for individual employee liability unless that individual qualifies as an employer. *Grant v. Loan Star Co.*, 21 F.3d 649, 653 (5th

Cir.), *cert den'd*, 513 U.S. 1015 (1994). To fall within this narrow exception to individual liability under Title VII, the individual defendant must serve in a supervisory position, exercise significant control over plaintiff's hiring, firing, or conditions of employment, and exercise ultimate authority over the plaintiff's employment and working conditions. *Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751 (E.D. Mich. 1998), *aff'd*, 1 Fed. App'x 438 (6th Cir. 2001). The individual must essentially operate as the "alter ego" of the employer. *Id.* at 761.

Plaintiff's Complaint admits that Defendant Luca was merely a coworker who was subject to the control of superiors within the Beaumont supervisory structure. (*See also*, Plaintiff's Complaint ¶¶ 4, 10-16, 19-20, ECF No. 1, PageID 2-4.)   There is thus no basis for entry of a judgment against Defendant Luca based on Plaintiff's Complaint, even if all facts are deemed admitted by Defendant Luca. *Wathen v. General Elec. Co.,* 115 F.3d 400, 403-404 (6th Cir. 1997) (coworker who does not otherwise meet the statutory definition of "employer" cannot be held individually liable under Title VII).  Plaintiff's motion for default judgment should be denied on this basis.

**B.     The Court Should Not Enter Default Judgment, If At All, Until After Adjudication on the Merits.**

The U.S. Supreme Court has long held that when an action is brought against several defendants, charging them with joint liability, judgment should not be entered against the defaulting defendant until the matter has been adjudicated

4

with regard to all defendants. *Frow v. De La Vega*, 82 U.S. 552 (1872). In light of *Frow*, Fed.R.Civ.P. 54(b) provides that "when . . . multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express discretion for the entry of judgment." *Discussed in Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329-330 (W.D. Mich. 2000) (entry of default judgment would be improper where issues raised by plaintiff against all defendants were related and there remained non-defaulting defendants who indicated their intention of defending themselves).

"[T]o avoid inconsistent judgments, courts have postponed entering default judgments in multiple-defendant actions until the liability of the answering defendants has been adjudicated." *Depali Co., LLC v. Futurenet Group, Inc.*, 2019 WL 4463273 (E.D. Mich. Sept. 18, 2019), citing *Nautilus Ins. Co. v. ILS General Contractors, Inc.*, 369 F. Supp. 2d 906, 908-909 (E.D. Mich. 2005). The courts have found this to be particularly critical when multiple defendants are jointly liable or have similar defenses. In such cases, the courts routinely delay entry of a default judgment against the non-responding party until final adjudication on the merits. *Id.; Northland Ins. Co., supra,* 204 F.R.D. at 330; *see also Kimberly v. Coastline Coal Corp,* 857 F.2d 1474 (6th Cir. 1988) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the

5

judge to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.")

By this practice, courts seek to avoid the "unseemly and absurd" result of judgments entered both for and against similarly situated co-defendants on the same theories of liability and facts. *Driver v. Fabish*, 2017 WL 413719 at *2 (M.D. Tenn. 2017) (quoting *Frow*, 82 U.S. at 554); *Nautilus Ins. Co. v. ILS General Contractors, Inc.*, 369 F. Supp. 2d 906, 908 (E.D. Mich. 2005) (finding that "potential for inconsistent judgments" requires denying default judgment while claims against other defendants are pending).

In the present case, Plaintiff seeks to hold both Beaumont and Defendant Luca liable for Luca's alleged conduct. Under Title VII, Beaumont Health can, in certain instances, become liable for the actions of its employees. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998). Although Beaumont's primary defense, at this point and without further discovery, is that it took prompt remedial action to resolve the allegations of discrimination alleged by Plaintiff, it has reasons for skepticism that Plaintiff's allegations that she was harassed by Defendant Luca are even true. (Its investigation at the time was inconclusive.) *Id*. This is precisely the type of case in

6

which the courts decline entering judgment against a defaulting party until the matter is fully adjudicated on the merits.

### III. CONCLUSION

The manner in which Plaintiff's counsel has proceeded in this manner violates her Rule 11 obligations. There is no basis for Title VII claims against individual Defendant Luca. But Plaintiff had Luca defaulted based on her failure to respond to the baseless claims and now immediately seeks a default judgment against her. Plaintiff then purports to stick Defendant Beaumont with factual determinations based on that default (see the parties' 26(f) report) and refuses in discussions with counsel during the Rule 26(f) conference to withdraw or at least delay the motion for default judgment against Luca.

The Court should deny Plaintiff's motion for default judgment against Luca, dismiss the case against Luca, and award Beaumont its attorneys' fees in having to respond to Plaintiff's request for default judgment against Luca. At minimum, the Court should delay ruling on the default judgment motion until the matter is adjudicated on the merits.

        Respectfully submitted,

        KIENBAUM HARDY VIVIANO
         PELTON & FORREST, P.L.C.

        By: */s/ Eric J. Pelton*
          Eric J. Pelton (P40635)
          Shannon V. Loverich (P53877)
        Attorneys for Defendant Beaumont Health
        280 N. Old Woodward Avenue, Suite 400
        Birmingham, Michigan 48009
        (248) 645-0000
        epelton@khvpf.com
        sloverich@khvpf.com

Dated: October 1, 2019

344601

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

        */s/ Eric J. Pelton*
        280 N. Old Woodward Ave.,
        Suite 400
        Birmingham, Michigan 48009
        (248) 645-0000
        epelton@khvpf.com
        (P40635)

344601