UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRISTINA GARCIA**,

       Plaintiff,

                                      CASE NO.: 2:19-cv-11673

v.

                                      District Judge Linda V. Parker

**BEAUMONT HEALTH and RACHEL LUCA,**    Magistrate Judge David Grand

       Defendants.

---

| | |
|---|---|
| **Lisa C. Ward (P38933)** | **Eric J. Pelton (P40635)** |
| Attorney for Plaintiff | **Shannon V. Loverich (P53877)** |
| Law Offices of Lisa C. Ward, PLLC | Attorneys for Def. Beaumont Health |
| 4131 Okemos Rd., Ste. 12 | Kienbaum Hardy Viviano |
| Okemos, MI 48864 | Pelton & Forest, PLC |
| (517) 347-8100 | 280 N. Old Woodward Ave., Suite 400 |
| lisacwardlaw@gmail.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | epelton@khvpf.com |
| | sloverich@khvpf.com |

---

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

This is an original proceeding; there is no pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint. This is not a class action lawsuit.

NOW COMES Plaintiff, Kristina Garcia, by and through her Attorney, Lisa C. Ward, Law Offices of Lisa C. Ward, PLLC, to hereby file her First Amended Complaint And Jury Demand.  In support of her Complaint, Plaintiff states the following:

## JURISDICTION AND PARTIES

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant Beaumont Health pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e *et seq*. and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

2. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343(a)(4).

3. This Court has supplemental jurisdiction over Plaintiff's Elliott-Larsen Civil Rights claims pursuant to 28 USC 1367(a).

4. Plaintiff timely filed a charge of discrimination on the basis of sex and sexual orientation with the Equal Employment Opportunity Commission (EEOC) on or about November 30, 2018.  Plaintiff received notification of the right to sue from the EEOC on or about March 25, 2019.

5. Plaintiff is a resident of the State of Michigan and has been employed by Beaumont Health since May 2011.  Ms. Antoinette Carroll is Plaintiff's supervisor and is a resident of Michigan.  Defendant Rachel Luca was a coworker of Plaintiff's and is a resident of Michigan.

6. Jean Aphram, Director of Respiratory Care, and  Kevin Brancaleone, Human Resources Director, are residents of the State of Michigan and subject to the jurisdiction of this court.

7. Defendant Beaumont Health is a not-for-profit health care system that does business in the Eastern District of Michigan.

8. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

## BACKGROUND FACTS

9. Plaintiff is an openly bisexual woman and in May of 2011, she was hired as a Respiratory Therapist at Beaumont Health. At all times relevant to this matter, Plaintiff performed her duties in a satisfactory manner.

10. After learning that Plaintiff was bisexual, Defendant Luca began making sexually harassing comments toward Plaintiff, including comments such as, "Don't you think I'm attractive?" and, "We would make the perfect couple." Additionally, on or about January 2018, Defendant Luca made several comments to Plaintiff that she "wanted her."

11. On or about July 29, 2018, Plaintiff was on break at work with coworkers when Defendant Luca put her hand down Plaintiff's shirt and pinched Plaintiff's nipple, pulling Plaintiff's breast out of her bra cup. During that July 29 shift, at approximately 5:30 AM on July 30, 2019, Defendant Luca began making comments about her "beautiful vagina." Defendant Luca proceeded to use her phone to look up pictures of vaginas and made comments to Plaintiff, such as, "Do you like that? Is that what you like?" Defendant Luca continued, stating, "I could never," referring to being gay.

12. On August 6, 2018, Plaintiff filed her first written grievance regarding the July 29, 2018 and July 30, 2018 incidents of sexual harassment to her supervisor, Antoinette Carroll. On August 8, 2018, Ms. Carroll instructed all parties not to discuss the incident or the report of the incident.

13. Despite being instructed not to do so, Defendant Luca spoke with other employees about the sexual harassment incident and Plaintiff's report of sexual harassment. On August 27, 2018, Plaintiff became aware that Defendant Luca told a coworker about Plaintiff's report of sexual harassment, calling Plaintiff a liar.

14. Plaintiff reported Defendant Luca's conduct that same day, August 27, 2018. Both Plaintiff's supervisor, Antoinette Carroll, and the Director of Respirator Care, Jean Aphram, assured Plaintiff that Human Resources would be contacted.

15. On or about September 2, 2018, Defendant Luca repeated her allegations that Plaintiff had lied and "concocted a story to get [Luca] fired" to a Resident Nurse (RN), Anthony Stout. Because Plaintiff must work closely with RNs to coordinate patient care, this harassing and retaliatory behavior from Defendant Luca directly impacted Plaintiff's ability to do her job.

16. On September 10, 2018, Plaintiff submitted her second written grievance to both Kevin Brancaleone, Human Resources Director, and Jose Rivera. Plaintiff submitted a written affidavit to the Department of Human Resources on September 25, 2018.

17. On September 23, 2018, Plaintiff became aware that Defendant Luca was yelling about Plaintiff's report of sexual harassment while she was at work on September 14, 2018. On September 17, 2018, Defendant Luca had also told a coworker that Plaintiff had lied about the claim of sexual harassment.

18. On September 24, 2018, Plaintiff scheduled a doctor's appointment for depression and called EAP to initiate counseling. On September 26, 2018, Plaintiff began a period of medical leave and began taking antidepressant and anti-anxiety medication. After receiving doctor's approval, Plaintiff returned to work on October 3, 2018.

19. Upon returning to work, Plaintiff requested that she not be assigned to the duties of Charge Therapist when Defendant Luca was also scheduled to work. Additionally, Plaintiff requested that she not be partnered with Defendant Luca for duties.

20. Despite these requests, Plaintiff was frequently scheduled for the same night as Defendant Luca. Because of this, Plaintiff has frequently been deprived of the opportunity to act as Charge Therapist, a position that has a higher rate of pay, and this has resulted in a loss of income for Plaintiff.

21. On October 8, 2018, Plaintiff's supervisor, Antionette Carroll, informed Plaintiff that she had not yet heard back from Human Resources about Plaintiff's complaints. Carroll also told Plaintiff that they would "pay attention" when scheduling Plaintiff and Defendant Luca.

22. Plaintiff did not get word from Human Resources regarding the July incidents until October 24, 2018. At that time, Human Resources requested a meeting with Plaintiff. However, as of the filing of this complaint, no meeting has taken place.

23. On November 11, 2018, Plaintiff was scheduled as Charge Therapist while Defendant Luca was also scheduled to work. Due to Defendant Luca's continued retaliation against Plaintiff, Plaintiff did not feel safe at work, and she has been unable to do her job.

## COUNT I — SEX DISCRIMINATION
### TITLE VII

Count I applies to Defendant Beaumont Health.

24. Plaintiff incorporates by reference paragraphs 1 through 23.

25. Plaintiff's sex was a factor that made a difference in Defendant's failure to respond to the incidents of harassment reported by Plaintiff.

26. Defendant, Beaumont Health, by its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

27. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights.

28. If Plaintiff had been a male, she would not have been treated in the manner described.

29. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; and loss of reputation and esteem in the community.

### COUNT II — SEXUAL ORIENTATION DISCRIMINATION
### TITLE VII

Count II applies to Defendant Beaumont Health.

30. Plaintiff incorporates by reference paragraphs 1 through 29.

31. Plaintiff's sexual orientation was a factor that made a difference in Defendant's failure to respond to the incidents of harassment against Plaintiff.

32. Defendant, Beaumont Health, by its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and sexual orientation and acted in accordance with that predisposition.

33. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights.

34. If Plaintiff had been a male, or if she had been a straight woman, she would not have been treated in the manner described.

35. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; and loss of reputation and esteem in the community.

## COUNT III — RETALIATION
## TITLE VII

Count III applies to Defendant Beaumont Health.

36. Plaintiff incorporates by reference paragraphs 1 through 35.

37. Defendant retaliated against Plaintiff for reporting Defendant Luca's harassing behavior described above, in violation of Title VII.

38. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

39. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; and loss of reputation and esteem in the community.

## COUNT IV — SEXUAL HARASSMENT
## ELLIOTT-LARSON CIVIL RIGHTS ACT

Count IV applies to Defendant Beaumont Health.

40. Plaintiff incorporates by reference paragraphs 1 through 39.

41. At all material times, Plaintiff was an employee, and Defendant Beaumont Health was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

42. Plaintiff was sexually harassed as well as physically assaulted by Defendant Beaumont Health's employee, Defendant Luca, in the course of her employment.

43. This sexual harassment has included, but is not limited to, unwelcome comments and conduct of an offensive and sexual nature directed at Plaintiff and the creation of a hostile work environment.

44. The actions of Defendant Beaumont Health, through Defendant Luca were intentional.

45. The conduct of Defendant Beaumont Health's employee in sexually harassing Plaintiff constitutes sexual discrimination in violation of MCL 37.2101 *et seq*.

46. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

## COUNT V — RETALIATION
ELLIOTT-LARSEN CIVIL RIGHTS ACT

Count V applies to both Defendant Beaumont Health and Defendant Luca.

47. Plaintiff incorporates by reference paragraphs 1 through 46.

48. Plaintiff's report of sexual harassment by Defendant Luca constitutes activity protected under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

49. Defendant Beaumont Health and its employee, Defendant Luca, have retaliated against Plaintiff for opposing violations of the Elliott-Larsen Civil Rights Act in violation of that statute.

50. As direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

RELIEF REQUESTED

WHEREFORE, Plaintiff, having been discriminated and retaliated against in violation of the Title VII of the Civil Rights Act of 1964, as amended, and the Michigan Elliott-Larson Civil Rights Act, MCL 37.2101 *et seq.*, Plaintiff requests this honorable Court to award her the following relief:

1. Legal relief
    a. a judgement for lost wages and benefits, in whatever amount she is found to be entitled;
    b. compensatory damages in whatever amount she is found to be entitled;
    c. punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay;
    d. an award of interest, costs, and reasonable attorney's fees

2. Equitable relief
    a. an injunction prohibiting any further acts of retaliation or discrimination;
    b. an award of interest, costs, and reasonable attorney's fees;
    c. whatever other equitable relief appears appropriate at the time of trial


Dated:    March 11, 2020              /s/    Lisa C. Ward
                                                     Lisa C. Ward (P38933)
                                                     Law Offices of Lisa C. Ward, PLLC
                                                     Attorney for Plaintiff
                                                     4131 Okemos Road, Suite 12
                                                     Okemos, Michigan 48864
                                                     (517) 347 - 8100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRISTINA GARCIA**,

      Plaintiff,

                                  CASE NO.:

v.

**BEAUMONT HEALTH and RACHEL LUCA,**

      Defendants.

_____

**Lisa C. Ward (P38933)**
*Attorney for Plaintiff*
Law Office of Lisa C. Ward, PLLC
4131 Okemos Rd., Ste. 12
Okemos, MI 48864
(517) 347-8100
lisacwardlaw@gmail.com
_____

JURY DEMAND

**NOW COMES** Plaintiff, by and through her Attorney, and hereby requests a trial by jury.


Dated: March 11, 2020        /s/   Lisa C. Ward
                                          Lisa C. Ward (P38933)
                                          Law Offices of Lisa C. Ward, PLLC
                                          4131 Okemos Road, Suite 12
                                          Okemos, Michigan 48864
                                          (517) 347 - 8100

## **CERTIFICATE OF SERVICE**

I, Courtney Ware, hereby certify that on March 11, 2020, I served a copy of Plaintiff's First Amended Complaint and Jury Demand and this Proof of service on Defendant's attorney of record, Eric Pelton, via the CM/ECF system, which will provide notice to all parties.

Dated: March 11, 2020 /s/ Courtney Ware
Courtney Ware
*Legal Assistant*