UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

       Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

       Defendants.
_____/

Civil Case No. 19-11673
Honorable Linda V. Parker

**OPINION AND ORDER GRANTING DEFENDANT BEAUMONT HEALTH ROYAL OAK HOSPITAL'S EMERGENCY MOTION TO VACATE SCHEDULING ORDER**

    Plaintiff initiated this lawsuit against Defendants on June 6, 2019. Plaintiff's claims arise from her employment as a Respiratory Therapist with Defendant Beaumont Health ("Beaumont"). Defendant Rachel Luca, who is in default but has not been served with Plaintiff's March 11, 2020 Amended Complaint, was Plaintiff's co-worker.[1] On October 3, 2019, this Court issued a scheduling order in this matter. (ECF No. 15.)

---

[1] Plaintiff sought, and has been granted, an extension of time to serve Defendant Luca with the Amended Complaint. (*See* ECF No. 32.) Ironically, Plaintiff relied upon the circumstances arising from the COVID-19 pandemic as the reason why she was unable to timely serve Defendant Luca.

Now before the Court is Beaumont's "Emergency Motion to Vacate the Scheduling Order in Light of Current Extraordinary Circumstances and Hardship," filed April 10, 2020. (ECF No. 34.) Specifically, in light of the novel coronavirus (COVID-19) pandemic and its particular strain on Beaumont's resources, Beaumont asks the Court to vacate the scheduling order, set a telephonic conference in early June, and set new dates at that time. Plaintiff filed a response to the motion in which she does not respond to Beaumont's reasons for asking the Court to vacate the scheduling order. (ECF No. 35.) Rather, Plaintiff takes issue with Beaumont's failure to identify an expert witness by the current order's April 3, 2020 deadline.

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Beaumont has demonstrated good cause for its request. COVID-19 is a serious and new disease, not previously seen in humans, which has been rapidly spreading throughout the globe. *See* https://www.cdc.gov/coronavirus/2019-ncov/faq.html. As Michigan's Governor has described, it is a respiratory disease that can result in serious illness or death. Executive Order, No. 2020-4 (Mar. 10, 2020). As of March 2, 2020, two cases had been identified in Michigan. *Id.* As of April 15, 2020, the number of cases in the State have increased to 27,001, with 1,768 confirmed COVID-19 related deaths.

https://www.michigan.gov/coronavirus/. The Governor has ordered individuals to stay at home to the maximum extent feasible, effective March 24, 2020 until at least May 1, 2020. Executive Order 2020-21 (Mar. 23, 2020).

It cannot be seriously debated that COVID-19 has strained Michigan's health systems, like Beaumont. The Governor has ordered the termination of all non-essential medical procedures in part to allow hospitals, freestanding surgical outpatient facilities, and other medical care facilities to focus their resources on individuals infected with the virus. Executive Order 2020-18 (Mar. 20, 2020). These health systems are being flooded with COVID-19 patients, while struggling with strained resources, including staff. Early in April 2020, Beaumont reported that 1,500 of its 38,000 employees, including 500 nurses were sidelined with coronavirus symptoms. *See* https://www.detroitnews.com/story/news/local/michigan/2020/04/06/over-600-henry-ford-health-workers-test-positive-covid-19/2955929001/ At the same time, health care organizations are faced with significantly decreased revenue as their focus has shifted to the coronavirus. https://www.detroitnews.com/story/news/local/oakland-county/2020/04/13/beaumont-health-reports-big-first-quarter-loss-covid-19-takes-toll/2986606001/. As Beaumont argues in its brief, these health systems have had

3

to focus on immediate, temporary cost-saving measures (including litigation costs) to ensure they have the critical cash needed to pay their front-line medical staff.

In light of these circumstances, the Court has extended the scheduling deadlines in many cases at the parties' request.  Here, at least two of the parties are at the front-line fighting the virus and key witnesses are respiratory care department employees.  Certainly, an extension of the scheduling order dates is warranted.

Accordingly,

**IT IS ORDERED** that Beaumont's Emergency Motion to Vacate Scheduling Order is **GRANTED**;

**IT IS FURTHER ORDERED** that the October 3, 2019 Scheduling Order is **VACATED**;

**IT IS FURTHER ORDERED** that the parties shall appear for a telephonic status conference before the Court at **11:00 a.m. on May 28, 2020**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2020