UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

     Plaintiff,

     Case No: 19-11673

v.

     District Judge Linda V. Parker

BEAUMONT HEALTH and
RACHEL LUCA,

     Magistrate Judge David R. Grand

     Defendants.

_____/

| | |
|---|---|
| Lisa C. Ward (P38933) | KIENBAUM HARDY VIVIANO |
| Law Offices of Lisa C. Ward, PLLC | PELTON & FORREST, P.L.C. |
| Attorney for Plaintiff | By: ERIC J. PELTON (P40635) |
| 4131 Okemos Road, Suite 12 |     SHANNON V. LOVERICH (P53877) |
| Okemos, MI  48864 | Attorneys for Defendant Beaumont Health |
| 517-347-8102 | 280 N. Old Woodward Avenue, Suite 400 |
| lisacward@aol.com | Birmingham, Michigan 48009 |
| | (248) 645-0000 |
| | epelton@khvpf.com |
| | sloverich@khvpf.com |

_____/

**DEFENDANT BEAUMONT HEALTH'S MOTION FOR AN ORDER
UNDER RULE 30(a)(2) AND (d)(3) FOR LEAVE TO TAKE THE
CONTINUED DEPOSITION OF PLAINTIFF
FOR UP TO 90 MINUTES**

Defendant Beaumont Health, pursuant to Federal Rule of Civil Procedure 30(a)(2) and (d)(3), moves this Court for leave to take the continued deposition of Plaintiff for up to 90 minutes.

Plaintiff was deposed on February 4, 2020 for 6 hours and 51 minutes, but the deposition was not completed. The additional 90 minutes sought by Beaumont is necessary to finish examining Plaintiff on issues that directly pertain to this case. The continuation is also necessitated by Plaintiff's failure to timely produce records.  Federal Rule 30(d)(1) states that a Court must allow additional time for deposition (consistent with the proportionality limitations of Rule 26(b)(2)) if needed for a fair examination of the deponent or if the examination was impeded.

In support of the Motion, Beaumont relies on the facts and law set forth in the accompanying brief in support of its motion.  Beaumont's counsel made every effort to amicably resolve this issue with Plaintiff counsel to no avail, thus necessitating this Motion.  *See* Ex. A, December 26, 2019 email to Plaintiff's counsel; Ex. B, Pl's Dep Tr. 291, 301-303; Ex. C, June 22, 2020 email to Plaintiff's counsel; and Ex. D, Plaintiff's counsel's June 25, 2020 email response.

WHEREFORE, Defendant Beaumont requests that the Court grant leave for Beaumont to depose Plaintiff for an additional 90 minutes at its counsel's Birmingham office on a date no later than ordered by the Court.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: */s/ Eric J. Pelton*
    Eric J. Pelton (P40635)
    Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

Dated:  July 8, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

     Plaintiff,

v.

BEAUMONT HEALTH and RACHEL LUCA,

     Defendants.

Case No:  19-11673

District Judge Linda V. Parker

Magistrate Judge
David R. Grand

_____/

Lisa C. Ward (P38933)
Law Offices of Lisa C. Ward, PLLC
Attorney for Plaintiff
4131 Okemos Road, Suite 12
Okemos, MI  48864
517-347-8102
lisacward@aol.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
By: ERIC J. PELTON (P40635)
    SHANNON V. LOVERICH (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

_____/

**DEFENDANT BEAUMONT HEALTH'S MOTION FOR AN ORDER
UNDER RULE 30(a)(2) AND (d)(3) FOR LEAVE TO TAKE THE
CONTINUED DEPOSITION OF PLAINTIFF
FOR UP TO 90 MINUTES**

## TABLE OF CONTENTS

Statement of Issues Presented ........................................................................ii

Controlling Authorities ................................................................................iii

I.    BACKGROUND ................................................................................1

      A.    Plaintiff's Claims ...................................................................1

      B.    Plaintiff's Deposition .............................................................1

II.   ANALYSIS.........................................................................................2

      A.    Beaumont Has Good Cause to Continue Plaintiff's Deposition Due to
      the Nature of Plaintiff's Claims and the Extensive Documentation She
      Submitted in Support of Them. .......................................................3

      B.    Plaintiff's Delay in Producing Authorizations for Her Medical Records
      Precluded Questioning About Plaintiff's Emotional Distress Damages........4

III.  CONCLUSION...................................................................................7

## Statement of Issues Presented

Federal Rule 30(d)(1) limits the duration of depositions to 1 day of 7 hours, unless otherwise stipulated or ordered by the court.  Beaumont deposed Plaintiff on February 4, 2020 for 6 hours and 51 minutes, but could not conclude its examination.  Federal Rule 30(d)(1) states that a Court must allow additional time for deposition (consistent with the proportionality limitations of Rule 26(b)2)) if needed for a fair examination of the deponent or if the examination was impeded.

Should the Court grant Defendant Beaumont leave to depose Plaintiff for an additional 90 minutes where:

    a.  Plaintiff's submission of extensive detailed documentation, including two complaints, one affidavit, 30-pages of transcripts of recorded audio conversations with coworkers, and 16-pages of text messages, could not be covered, along with all other essential topics, within the first 6 hours and 51 minutes of her February 4, 2020 deposition; and

    b.  Plaintiff's failure to cooperate in discovery resulted in Beaumont's inability to obtain discovery on Plaintiff's emotional distress damages – Plaintiff's medical records – prior to her deposition.

**Controlling Authorities**

Federal Rule Civil Procedure 26(b)(1) and (2)

Federal Rule Civil Procedure 30(a)(2)

Federal Rule of Civil Procedure 30(d)(3)

# I.   BACKGROUND

## A. Plaintiff's Claims

This is an employment discrimination case in which Plaintiff Kristina Garcia, a Beaumont respiratory therapist, alleges five counts of sex discrimination, sexual orientation discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act and/or the Elliott-Larsen Civil Rights Act. Plaintiff's claims are based upon Beaumont's investigation and response to an alleged unwelcome touching by her former coworker, Defendant Rachel Luca, and Luca's conduct after the initial investigation (*i.e.,* telling coworkers that Plaintiff lied about the incident).

Plaintiff alleges to have suffered significant emotional distress because of the alleged events.  Her damages are primarily, if not exclusively, based on her alleged emotional harm because she suffered no economic damages.   Plaintiff has been continually employed with Beaumont, and remains employed there today.

## B. Plaintiff's Deposition

Plaintiff was deposed on February 4, 2020, at the State Bar of Michigan Building in Lansing, a location that was insisted upon by Plaintiff's counsel.  The deposition lasted 6 hours, 51 minutes, during which defense counsel introduced 17 exhibits.  Defense counsel accommodated Plaintiff's counsel's 6 requested breaks during the deposition (totaling 1 hour, 20 minutes).  The State Bar office closed at 5:00 p.m., and Beaumont's counsel was required to cease questioning at 5:05 p.m.

But Beaumont did not conclude the deposition.  Beaumont's counsel explained that he was concluding for the day and reserving his right to continue.    (Ex. B, Plaintiff's dep. 291, 301-303.)

## II.    ANALYSIS

In 2000, Rule 30(d) was amended to state that "a deposition is limited to 1 day of 7 hours" unless the parties stipulate or the court otherwise.  Fed.R.Civ.P. 30(d).    The Notes of the Advisory Committee on the 2000 Amendments admonished, however, that "[p]reoccupation with timing is to be avoided."  "The goal of the time limit was to minimize court intervention in most cases; the parties should be able to work out a suitable schedule among themselves."   8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* ("FPP") (3d ed. 2010) § 2104.1, at 499.

If agreement cannot be reached, the party seeking a longer deposition needs only to show good cause for exceeding the limit.  Committee Note, 192 F.R.D. at 395.   The Court "must allow additional time," (consistent with the proportionality provisions of Rule 26(b)(2)) beyond the one-day/seven-hour default limitation, "if needed to fairly examine the deponent or if the examination was impeded."   Fed. R. Civ. P. 30(d)(1).

Although there is no conclusive list of reasons that justify a longer deposition, the Committee Note for Rule 30 identifies specific considerations

-2-

warranting additional time that are present here:  (1) where the witness must be questioned about numerous or lengthy documents; and (2) where the deposition examination was impeded by the opposing party, such as where documents have been requested, but not produced.  *See*, Committee Note, 192 F.R.D. at 395-96.

## A. Beaumont Has Good Cause to Continue Plaintiff's Deposition Due to the Nature of Plaintiff's Claims and the Extensive Documentation She Submitted in Support of Them.

Employment discrimination, harassment, and retaliation claims necessarily require defense counsel to inquire, at minimum, about the "who/what/when" of each allegation, the basis for Plaintiff's conclusion that the events are discriminatory, witnesses to those events, the nature and evidence of alleged damages, and mitigation efforts.  This is in addition to numerous other important areas of inquiry (*e.g.,* Plaintiff's other employment, medical history where severe emotional injury is alleged, etc.)

Here, a factor that contributed to the length of Plaintiff's deposition is the fact Plaintiff raised allegations that were not part of her complaint or any documents she previously produced (*e.g.,* alleged inappropriate comments attributed other employees, not Defendant Luca, and Plaintiff's failure to be selected for a supervisor position).  Although Plaintiff's counsel now concedes those matters are not part of the present lawsuit, she did not concede such as the

-3-

deposition.  (Ex. B, Pl. dep. 38-40, 61-72).  Beaumont's counsel was thus required to explore the issues to confirm they were not part of the present lawsuit.

Plaintiff also produced extensive, detailed documentation she alleges supports her claims: two detailed letters of complaint, an affidavit, 30-page transcripts of surreptitiously recorded (on phone app) conversations with various employees, and 16-pages of texts messages.  It is imperative to Beaumont's defense that it be able to question Plaintiff about her documents, how and when they were prepared, and the accuracy of the events described within. Beaumont is entitled to a full and complete accounting of Plaintiff's claims under the liberal rules of discovery, and it will require additional time for the conclusion of her deposition. Fed. R. Civ. P. 30(d)(1).  *See, e.g.*, *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1140–41 (E.D. Mo. 1997) (permitting "continuation" of the deposition of the key witness in a sexual harassment trial onto a *third* day); *Lassiter v. Hidalgo Med. Servs.*, 2018 WL 3377707, at *2 (D.N.M. July 11, 2018) (permitting deposition of plaintiff on a second day due to the complexity of her sexual harassment allegations).

## B. Plaintiff's Delay in Producing Authorizations for Her Medical Records Precluded Questioning About Plaintiff's Emotional Distress Damages.

Beaumont has also shown good cause for Plaintiff's continued deposition because Plaintiff impeded the deposition by failing to cooperate in the production

-4-

of documents of key importance to her alleged emotional distress damages: her medical records.

On August 20, 2019, Beaumont first sought Plaintiff's medical records, including psychiatric and counseling records, through its initial discovery requests. By Plaintiff's February 4, 2020 deposition, Beaumont still did not have records from Plaintiff's treaters. This over five-month delay was due entirely to Plaintiff's failure to cooperate in the discovery process.

In its August 20, 2019 discovery requests, Beaumont specifically requested that Plaintiff sign HIPAA-compliant releases for the medical records. Plaintiff served her responses more than three months later on November 22, 2019 (after Beaumont accommodated Plaintiff's requested extensions), stating that "Plaintiff will release this information once a protective order has been entered by the Court." (Ex. E, Resp. Nos. 9 and 32, Plaintiff's Response to Defendant Beaumont's First Request for Production of Documents). Notably, Plaintiff did not object to the standard HIPAA authorizations served with the discovery.

It then took a month (November 21, 2019—December 20, 2019) to obtain a Protective Order that Plaintiff would agree to. (*See, e.g.,* Ex. F, defense counsel's December 19, 2019 email.) After the Protective Order was entered, Plaintiff would still not produce the authorizations. Now Plaintiff claimed that Beaumont's proposed HIPAA authorizations were objectionable; the same authorizations that

-5-

were served with the August discovery to which Plaintiff did not object at the time and which are routinely used in essentially every employment case.   Plaintiff finally provided the executed HIPAA authorizations in January 2020, after insisting on a change that was minor and did not impact the release.   Finally, Plaintiff would not allow Beaumont to subpoena Plaintiff's treaters directly. Instead, she required the utilization and expense of a third-party copy service.   This also contributed to further delay in obtaining the requested records.

While Plaintiff claims that Beaumont could have simply delayed Plaintiff's deposition, this was not a measure Beaumont was willing to take.   Plaintiff's deposition had already been noticed numerous times and repeatedly adjourned at Plaintiff's request.   Indeed, Plaintiff had successfully delayed her deposition for seven months after filing her lawsuit, and only three months of discovery would remain at the time of her February 4, 2020 deposition.[1]

The Committee Notes to Rule 30 expressly contemplate the "good cause" standard is satisfied, and more time warranted, when "the examination reveals that documents have been requested but not produced. . . ." Fed. R. Civ. P. 30, Notes,

---

[1] Beaumont diligently pursued Plaintiff's deposition, but it was repeatedly adjourned at Plaintiff's request for various reasons, which Beaumont always accommodated.  On September 26, 2019, Beaumont noticed Plaintiff's deposition for November 5, 2019, but it was adjourned to accommodate Plaintiff's counsel's 3-week trial beginning on October 28, 2019.   Plaintiff's deposition was rescheduled to December 5, 2019, but was adjourned due to Plaintiff's counsel's medical emergency.  Plaintiff's deposition was rescheduled for January 10, 2020, but was rescheduled due to Plaintiff's illness.  See, Ex. G, Deposition Notices.

2000 Amendment. Indeed, "if the deponent or another person impedes or delays the examination, the court *must* authorize extra time." *Id.* (emphasis added). *See, also*, *Saleh v. American Steamship Co.*, 2011 WL 2214134 (E.D. Mich., June 7, 2011) (where the plaintiff's health affected the amount of damages at issue and documents regarding medical procedures did not become available until after the plaintiff's initial seven-hour deposition, the court granted the defendant's motion to compel the plaintiff's continued deposition, noting that the documents were insufficient by themselves, because "there may be information available from [the p]laintiff's testimony that cannot be gleaned from the medical records alone"); *Kleppinger v. Texas Dep't of Transp.,* 283 F.R.D. 330 (S.D. Tex. 2012) (defendants showed good cause to extend deposition beyond original seven hours where they sought to examine plaintiff on information that was not available of previous deposition; defendants' proposed questioning was not unreasonably cumulative or duplicative); *Renaissance Nutrition, Inc. v. Harrett*, 747 F. Supp. 2d 374 (W.D. N.Y. 2010) (employer entitled to additional time to complete employee's deposition where employees did not produce requested documents until morning of their depositions).

### III.    CONCLUSION

Beaumont has granted Plaintiff repeated extensions, adjournments and accommodations throughout this case that are too numerous to mention here.  It is

-7-

perplexing that Plaintiff does not afford the same courtesies.  Defendant Beaumont has good cause to request the completion of Plaintiff's deposition, which is supported by case law and the federal rules.  For the reasons set forth above, Defendant Beaumont respectfully requests that the Court order Plaintiff to appear for her continued deposition for up to 90 minutes.  Defendant Beaumont further requests that the deposition occur at its Birmingham office, which is less than four miles from Plaintiff's work, where Defendant can ensure appropriate social distancing and sanitation protocol contemplated by the Governor's Executive Orders is maintained.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.

By: */s/ Eric J. Pelton*
    Eric J. Pelton (P40635)
    Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

Dated:  July 8, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

*/s/ Eric J. Pelton*
280 N. Old Woodward Ave.
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
(P40635)

378172