UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.

Case No. 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

_____/

| | |
|---|---|
| Lisa C. Ward (P38933)<br>Law Offices of Lisa C. Ward, PLLC<br>Attorney for Plaintiff<br>4131 Okemos Road, Suite 12<br>Okemos, MI  48864<br>517-347-8102<br>lisacward@aol.com | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>By: ERIC J. PELTON (P40635)<br>     SHANNON V. LOVERICH (P53877)<br>Attorneys for Defendant Beaumont Health<br>280 N. Old Woodward Avenue, Suite 400<br>Birmingham, Michigan 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>sloverich@khvpf.com |

_____/

**DEFENDANT BEAUMONT HEALTH'S RESPONSE TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LUCA**

## TABLE OF CONTENTS

Statement of Issue Presented ................................................................................... ii

Controlling Authorities ........................................................................................... iii

I.    INTRODUCTION ..........................................................................................1

II.    PROCEDURAL HISTORY ...........................................................................2

III.    ARGUMENT ..................................................................................................4

        A.    Plaintiff has not met her burden for entry of default judgment under Rule 54(b). ...................................................................4

        B.    Plaintiff has provided no evidentiary basis for damages under her retaliation theory. ................................................................9

IV.    CONCLUSION .............................................................................................11

**Statement of Issue Presented**

I. Federal Rule of Civil Procedure 54(b) provides that "when . . . multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay . . ." U.S. Supreme Court precedent holds that, when default is entered against fewer than all defendants in a multi-defendant action in which joint liability is claimed, default judgment should be withheld until a merit's determination is made for the defendant not in default. Should the Court postpone ruling on the entry of default judgment against Defendant Rachel Luca until a merit's determination is made with respect to Beaumont where Plaintiff claims Defendants Beaumont and Luca are jointly liable for Luca's alleged retaliation against Plaintiff in violation of the Elliott-Larsen Civil Rights Act?

II. Rule 55(b)(2) authorizes the Court to conduct an inquiry into the amount that should be entered on a default judgment to ensure there is a basis for the damages sought. Plaintiff's only proofs claim damages on a claim not asserted in her Amended Complaint. Should default judgment enter where the Plaintiff has submitted no proof of damages on the one claim she asserts against Luca?

# Controlling Authorities

**Cases**

*Antoine v. Atlas Turner, Inc.*,
  66 F.3d 105 (6th Cir. 1995) ................................................................................10

*Charnock v. Anderson*,
  2008 WL 12683414 (S.D. Ohio Sept. 1, 2015) ....................................................9

*Depali Co., LLC v. Futurenet Group, Inc.*,
  2019 WL 4463273 (E.D. Mich. Sept. 18, 2019) ...................................................5

*Driver v. Fabish*,
  2017 WL 413719 (M.D. Tenn. 2017) ................................................................6, 7

*Frow v. De La Vega*,
  82 U.S. 552 (1872) ................................................................................ 1, 3, 4, 5, 6, 7

*Fustok v. ContiCommodity Servs., Inc.*,
  873 F.2d 38 (2d Cir.1989) ..................................................................................10

*In re Rodriguez*,
  487 F.3d 1001 (6th Cir. 2007) ..........................................................................7, 8

*Kimberly v. Coastline Coal Corp*,
  857 F.2d 1474 (6th Cir. 1988) .............................................................................9

*Meyer v. Center Line*,
  619 N.W.2d 182 (Mich. Ct. App. 2000) ...............................................................8

*Nautilus Ins. Co. v. ILS General Contractors, Inc.*,
  369 F. Supp. 2d 906 (E.D. Mich. 2005) ...............................................................6

*Northland Ins. Co. v. Cailu Title Corp.*,
  204 F.R.D. 327 (W.D. Mich. 2000) ...................................................................5, 6

*Ryan v. Homecomings Fin. Network*,
  253 F.3d 778 (4th Cir. 2001) ...............................................................................9

*Vesligaj v. Peterson*,
  331 Fed. App'x 351 (6th Cir. 2009) ..................................................................10

*Vredevelt v. GEO Group, Inc.*,
    145 Fed. App'x 122 (6th Cir. 2005) ..........................................................................8

**Rules**

Fed.R.Civ.P. 54(b) .................................................................................................4

Fed.R.Civ.P. 8(b)(6) ...............................................................................................9

## I. INTRODUCTION

This is the second time that Plaintiff Kristina Garcia has filed a motion for the entry of default judgment against Defendant Rachel Luca. And it is the second time that Plaintiff failed to acknowledge or discuss Federal Rule of Civil Procedure 54(b), which addresses judgments on claims involving multiple parties, and the long-standing and well-established U.S. Supreme Court law that should preclude the relief she is requesting. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Plaintiff has not met her burden for entry of default judgment against Luca at this time.

Plaintiff alleges one count against Defendant Luca—retaliation under the Elliott-Larsen Civil Rights Act, a claim for which Plaintiff claims Beaumont is jointly liable. (ECF 28, Amended Complaint, Count V.) In a case alleging joint liability, judgment should not be entered against the defaulting defendant until the matter has been adjudicated on the merits with regard to all defendants. Frow, 82 U.S. at 554. (Plaintiff's motion is especially perplexing because Plaintiff is well aware of this law based on Beaumont's response to Plaintiff's initial motion that spelled it out. (ECF 14.)

Plaintiff's disregard of important issues when it suits her position is also demonstrated by the affidavit filed in support of her motion. Plaintiff states in her affidavit that she has incurred $338,077.56 in alleged damages "*as a result of Defendant Luca's unlawful sexual assault,*" and Plaintiff seeks a default judgment

in that amount. (ECF 54.) There is no claim against Luca for alleged sexual assault or even harassment. (ECF 28, Amended Complaint, Count V) The only claim Plaintiff has against Luca is an Elliott-Larsen *retaliation claim*. And that claim is based on Defendant Luca telling three coworkers her side of the story about the alleged sexual harassment—that Plaintiff lied about the incident to get her fired. (ECF 28, Amended Complaint, ¶¶13-17 describing allegations regarding Luca's alleged retaliation.) There is thus no basis for the Court to exercise its discretion in determining the amount to be awarded.

In accordance with Rule 54(b) and the legal authority cited in this response, Beaumont requests that the Court deny Plaintiff's motion and delay entry of default judgment against Luca until the matter against Beaumont has been fully adjudicated.

## II. PROCEDURAL HISTORY

On June 6, 2019, Plaintiff Kristina Garcia filed a Complaint against Defendants Beaumont Health and Rachel Luca alleging sex discrimination, sexual orientation discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff claimed Defendant Luca was served with the Complaint, failed to appear or respond, and default was initially entered on August 30, 2019. Plaintiff then filed a Motion for Default Judgment against Luca seeking, among other things, $300,000 in emotional distress damages.

Beaumont filed an objection to Plaintiff's initial Motion for Default Judgment on the grounds that Plaintiff had not stated a legally viable claim against Luca, who, as a coworker, could not be held liable as a matter of law under Title VII. (ECF 14.) Beaumont also objected based on long-settled U.S. Supreme Court authority in *Frow* and cases following *Frow* that holds judgment against Luca should be delayed until the matter is fully adjudicated.

After discussions with the Court during the Scheduling Conference, Plaintiff withdrew her initial motion for default judgment and sought leave to amend her Complaint in an effort to state a legally viable claim against Luca. (ECF 17.) Plaintiff amended her Complaint on March 11, 2020. In the Amended Complaint, Plaintiff dropped her non-viable Title VII claims against Luca, and instead asserted an Elliott-Larsen retaliation claim against Luca and Beaumont (Count V) and an Elliott-Larsen sexual harassment/hostile environment claim against Beaumont only (Count IV). (ECF 28.)

On June 15, 2020, Plaintiff reportedly personally served Luca with the Amended Complaint. (ECF 40.) Luca did not respond. On July 13, 2020, the Clerk's Entry of Default against Luca was entered. (ECF 44.) On July 14, 2020, the Court entered an Order (ECF 45) directing Plaintiff to file, on or before July 28, 2020, a motion for default judgment or a memorandum setting forth the reasons for not doing so. The Court later extended Plaintiff's filing date to August 4, 2020. (ECF 51.)

On July 30, 2020, Plaintiff filed her second motion for entry of default judgment against Defendant Luca. (ECF 54.) Plaintiff's motion was accompanied by an affidavit in which she claims to have incurred $338,077.56 in alleged damages "as a result of Defendant Luca's unlawful sexual assault." She represents this damage even though there is no claim against Luca in the Amended Complaint for sexual assault. She makes no representation she was damaged by the alleged retaliation.

### III. ARGUMENT

**A. Plaintiff has not met her burden for entry of default judgment under Rule 54(b).**

Prior to the entry of default judgment, the Court must consider whether there is a just reason for postponing the judgment, such as when there is a non-defaulting defendant who is charged with joint liability. *See,* Fed.R.Civ.P. 54(b). Based on well-settled U.S. Supreme Court authority, an entry of default judgment against Luca should be delayed until the matter against Beaumont is fully adjudicated.

The U.S. Supreme Court has long held that when an action is brought against several defendants, charging them with joint liability, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. *Frow*, 82 U.S. at 552. In light of *Frow*, Fed.R.Civ.P. 54(b) provides that "when . . . multiple parties are involved, the court may direct the entry

-4-

of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express discretion for the entry of judgment." *Discussed in Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329-330 (W.D. Mich. 2000) (entry of default judgment would be improper where issues raised by plaintiff against all defendants were related and there remained non-defaulting defendants who indicated their intention of defending themselves).

The seminal case of *Frow* explained the problem with prematurely entering default judgment in a case with more than one defendant, as Plaintiff is asking this Court to do:

> If the court in such as case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

*Frow,* 82 U.S. at 554.

Thus, "to avoid inconsistent judgments, courts have postponed entering default judgments in multiple-defendant actions until the liability of the answering defendants has been adjudicated." *Depali Co., LLC v. Futurenet Group, Inc.*, 2019 WL 4463273 (E.D. Mich. Sept. 18, 2019), citing *Nautilus Ins. Co. v. ILS General*

*Contractors, Inc.*, 369 F. Supp. 2d 906, 908-909 (E.D. Mich. 2005). The courts have found this to be particularly critical when multiple defendants are jointly liable or have similar defenses. In such cases, the courts routinely delay entry of a default judgment against the non-responding party until final adjudication on the merits. *Id.; Northland Ins. Co., supra,* 204 F.R.D. at 330.

By this practice, courts seek to avoid the "unseemly and absurd" result of judgments entered both for and against similarly situated co-defendants on the same theories of liability and facts. *Driver v. Fabish*, 2017 WL 413719 at *2 (M.D. Tenn. 2017) (quoting *Frow*, 82 U.S. at 554); *Nautilus Ins. Co.,* 369 F. Supp. 2d at 906, 908 (E.D. Mich. 2005) (finding that "potential for inconsistent judgments" requires denying default judgment while claims against other defendants are pending).

Here, Plaintiff seeks to hold both Beaumont and Luca liable for Luca's alleged retaliatory conduct, which must be viewed in the context of Plaintiff's harassment complaint about Luca. The alleged factual predicate for Plaintiff's case is that co-worker (not supervisor) Luca sexually assaulted her on one occasion. (ECF 28, ¶ 11.) There is no dispute that, after hearing Plaintiff's story, Beaumont management immediately investigated by obtaining a written statement from Plaintiff and interviewing Luca and the only witness in the room. Luca denied touching Plaintiff, and the only witness also denied that Luca touched Plaintiff. (Exhibit A, Antoinette Carroll Deposition, pp. 46-47, 52-53; Ex. 4 & 5 to Carroll Dep.) Based on the results

-6-

of the investigation, Beaumont management counseled Plaintiff and Luca and directed that all communications and conduct at work must be professional and appropriate. (*Id.*) Thereafter, Plaintiff claims Luca "retaliated against her" by telling three coworkers her side of the story – that Plaintiff lied about the incident to get her fired. (ECF 28, Amended Complaint, Count V, ¶¶47-50; see also, ¶¶13-17 describing allegations regarding Luca's alleged retaliation.)

The legal theories and alleged facts related to Plaintiff's Elliott-Larsen retaliation claim against Beaumont and Luca are inexorably intertwined. If the Court were to enter default judgment against Luca prior to resolution of this case on the merits against Beaumont, there is a real likelihood of inconsistent, "unseemly and absurd" results. *Driver, supra* at *2 (quoting *Frow*, 82 U.S. at 554). For example, Beaumont contends that Plaintiff cannot establish a viable retaliation claim because the alleged retaliatory actions – which are based on Luca's telling three coworkers her side of the story (i.e., that the alleged assault did not happen and that Plaintiff is lying)—does not rise to the level of a materially adverse employment action as a matter of law.[1] If, as Beaumont strongly believes, it is entitled to summary judgment

---

[1] *In re Rodriguez,* 487 F.3d 1001, 1011 (6th Cir. 2007) (to establish a claim under Elliott-Larsen's anti-retaliation provision, a plaintiff must prove: that the plaintiff engaged in protected activity; (2) that the defendant took an employment action adverse to plaintiff; and (3) that there was a causal connection between the protected activity and the adverse employment action. In order to be actionable, an employment action must be "materially adverse to the employee—that is, it must be more than a mere inconvenience or minor alteration of job responsibilities." *Id.*

-7-

on that claim, then it will result in the "unseemly and absurd" result of judgments entered both for and against similarly situated co-defendants on the same theories of liability and facts.

Similarly, in the unlikely event that Plaintiff's retaliation claim survives summary judgment, Beaumont has unrefuted evidence that would support a no cause jury verdict on Plaintiff's retaliation claim. First, Plaintiff's allegations about Luca's "retaliation" did not occur as Plaintiff claims in the Amended Complaint. Although Luca talked to coworkers about the alleged incident—Plaintiff did as well. A jury is unlikely to find for Plaintiff when she was engaged in the very same "retaliatory" conduct that she accuses Luca of. And although Plaintiff alleges in her complaint that she suffered harm to her reputation and character by Luca's discussions, Plaintiff's allegations are refuted by Plaintiff's own recordings of the discussions and her deposition testimony. A jury would not look favorably on her claims, and a no cause of Beaumont would be likely. Yet, the effect of a default judgment against Luca would render all factual allegations of the complaint admitted by her for which she would be liable for damages, while Beaumont will have successfully proved that

---

*(citing Meyer v. Center Line,* 619 N.W.2d 182 (Mich. Ct. App. 2000). Moreover, the adverse employment action "'must have an objective basis for demonstrating that the change is adverse, rather than the mere subjective impressions of the plaintiff.'" *Vredevelt v. GEO Group, Inc.,* 145 Fed. App'x 122, 128 (6th Cir. 2005) (*quoting Meyer*, 619 N.W.2d at 188).

there was no retaliation against Plaintiff whatsoever. Fed.R.Civ.P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established").

This is precisely the type of case in which the courts routinely decline entering judgment against a defaulting party until the matter is fully adjudicated on the merits. *Charnock v. Anderson,* 2008 WL 12683414 at * 2 (S.D. Ohio Sept. 1, 2015) (holding that default judgment against defendant in in FLSA and state law wage and hour case is "not appropriate where claims against non-defaulting defendant are pending"); *Kimberly v. Coastline Coal Corp,* 857 F.2d 1474 (6th Cir. 1988) (holding that "[w]hen a default is entered against one defendant in a multi-defendant [FLSA] case, the preferred practice is for the judge to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.")

**B. Plaintiff has provided no evidentiary basis for damages under her retaliation theory.**

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party whose default has been entered by the clerk, and provides

-9-

that the court may "conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

In particular, the court must conduct an inquiry into the appropriateness of the requested damages sought through the default judgment. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (default admits only defaulting defendant's liability; the amount of damages must be proved); *Vesligaj v. Peterson*, 331 Fed. App'x 351, 355 (6th Cir. 2009); *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir.1989) (district court must ensure that there is a basis for the damage sought in default judgment).

There is no basis for the default judgment Plaintiff seeks against Luca. Plaintiff's motion seeks damages for a theory—sexual assault—that is not asserted in Plaintiff's Amended Complaint. *See*, Exhibit B, Plaintiff's September 18, 2019 affidavit filed in connection with first motion for default judgment ("[i]n total, I have incurred expenses in the amount of $331,377.56 *as a result of Defendant Luca's unlawful sexual assault. . .*") (emphasis added); Exhibit C, Plaintiff's July 29, 2020 affidavit filed in support of Plaintiff's currently pending motion ("[i]n total, I have incurred expenses in the amount of $338,077.56 *as a result of Defendant Luca's unlawful sexual assault. . . .*") (emphasis added). Plaintiff's only theory against Luca is Count V of the Amended Complaint for violation of Elliott-Larsen's anti-

retaliation provision. (ECF 28.) The alleged retaliation claim against Luca is not based on any alleged assault. It is based solely on Luca's alleged conduct after the alleged harassment/assault: telling three coworkers her side of the story—*i.e.,* that Plaintiff had lied about the alleged incident to get her fired. (ECF 28, Amended Complaint, ¶¶ 13-17.)

Plaintiff has now sought substantial damages against Luca twice based on a theory not available to her and, this time, not even pled. Plaintiff presents no damages related to the retaliation claim. For this reason, Plaintiff's motion should be denied.

## IV.   CONCLUSION

There is no legal or factual basis for Plaintiff's Elliott-Larsen retaliation claim, and Beaumont will be filing a motion for summary judgment on this and all other claims. In order to avoid contradictory or incompatible judgments among Defendants Beaumont and Luca, there is just cause for postponing ruling on the default judgment against Luca until the matter against Beaumont is adjudicated on the merits. Therefore, pursuant to Fed.R.Civ.P. 54(b) and the above-described case law, Beaumont requests that the Court delay entry of default judgment, if at all, against Luca until the matter against Beaumont has been fully adjudicated. Plaintiff's motion should also be denied because she presents no damages related to the retaliation claim, which is the only claim asserted against Defendant Luca.

                                        Respectfully submitted,

                                        KIENBAUM HARDY VIVIANO
                                         PELTON & FORREST, P.L.C.

                                        By: /s/ *Eric J. Pelton*
                                             Eric J. Pelton (P40635)
                                           Shannon V. Loverich (P53877)
                                        Attorneys for Defendant Beaumont Health
                                        280 N. Old Woodward Avenue, Suite 400
                                        Birmingham, Michigan 48009
                                        (248) 645-0000
                                        epelton@khvpf.com
                                        sloverich@khvpf.com

Dated:  August 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

/s/ *Eric J. Pelton*
280 N. Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
(P40635)

381127