UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Civil Case No. 19-11673
　　　　　　　　　　　　　　　　　　　　Honorable Linda V. Parker
BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.
_____/

**OPINION AND ORDER CANCELLING MOTION HEARING AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

    This lawsuit arises from Plaintiff's employment as a Respiratory Therapist with Defendant Beaumont Health ("Beaumont"). Defendant Rachel Luca ("Luca") was Plaintiff's co-worker. Plaintiff alleges that Luca harassed and sexually assaulted her, that Beaumont improperly investigated and responded to Plaintiff's complaints concerning Luca's actions, and that Luca told Plaintiff's co-workers that Plaintiff was lying about the incident. Plaintiff further alleges that this conduct interfered with her ability to perform her job, caused her to take leave from work for approximately two weeks, and has led to emotional distress and other damages. In an Amended Complaint filed March 11, 2020, Plaintiff asserts discrimination and retaliation claims against Beaumont under Title VII of the Civil

Rights Act of 1964, sexual harassment claims against Beaumont under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); and an ELCRA retaliation claim against Beaumont and Luca. (Am. Compl., ECF No. 28.)

Luca has failed to answer or otherwise respond to this action and a Clerk's Entry of Default was entered against her on July 13, 2020. (ECF No. ECF No. 44.) Plaintiff thereafter filed the present motion for default judgment.[1] (ECF No. 54.) Beaumont filed a response to the motion (ECF No. 62), and Plaintiff filed a reply (ECF No. 63). The Court initially scheduled the default judgment motion for a hearing on September 9, 2020 (ECF No. 58), but now concludes that a hearing is unnecessary. For the following reasons, the Court is denying the motion without prejudice.

To avoid inconsistent judgments, courts have postponed entering default judgments in multi-defendant actions until the liability of the answering defendants has been adjudicated. *See Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-909 (E.D. Mich. 2005). "When multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting

---

[1] Plaintiff previously sought a default judgment against Luca (ECF No. 12) based on the claims asserted in the original complaint. However, Plaintiff withdrew the motion (ECF No. 17), after the Court expressed agreement with Beaumont (*see* ECF No. 14) that those claims failed as a matter of law. Plaintiff thereafter sought leave to file an amended complaint, which this Court granted in part and denied in part. (ECF No. 26.)

2

defendants as to the answering defendants." *United States for Use of Deepali Co. v. FutureNet Grp., Inc.*, No. 17-cv-12911, 2019 WL 4463273, at *1 (E.D. Mich. Sept. 18, 2019). "'[I]f an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.'" *Id.* (quoting *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("It would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting party] on a contract that a jury found was breached by [the plaintiff].").

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. Where the plaintiff's claim against a defendant is not for a sum certain, the plaintiff must apply to the court for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2). Nevertheless, "'a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The decision to grant default judgment is within the discretion of the district court. *See Lincoln v. Comm'r of Soc. Sec.*, 62 F. App'x 93, 94 (6th Cir. 2003). Moreover, Rule 55(b)(2) must be read in conjunction with Federal Rule of Civil Procedure 54(b), which reads in relevant part:

> **Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim

3

> for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Thus, unless the court "expressly determines that there is no just reason for delay," only one judgment should issue in a case.

"'When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'" *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 339 (E.D. Mich. 2000) (quoting *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974)). The Supreme Court pronounced this general rule almost 150 years ago in *Frow v. De La Vega*, 82 U.S. 552 (1872), which remains good law today. While the *Frow* Court discussed joint liability and some courts have declined to apply the holding where liability is joint and several, *see, e.g., In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980), other courts have held that the rule should apply where several defendants have closely related defenses or where the claim for relief fails for lack of proof. *See* 10A, Mary Kay

4

Kane, Federal Practice and Procedure § 2690 (4th ed.) (citing cases). Additionally, "[s]everal courts have held that where 'a defending party establishes that [the] plaintiff has no cause of action … this defense generally inures also to the benefit of a defaulting defendant.'" *Lewis v.* Lynn, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) and citing additional cases).

Plaintiff alleges retaliation in violation of the ELCRA against Luca and Beaumont. Plaintiff does not expressly indicate in her pleadings whether she is seeking to hold Defendants jointly or jointly and severally liable. In any event, even if Plaintiff is not seeking to hold Beaumont and Luca jointly liable, the decisions she cites do not convince this Court that a default judgment would be appropriate against Luca at this time and in fact suggest otherwise.

In *Farzetta v. Turner & Newall, Limited*, 797 F.2d 151 (3d Cir. 1986), the court rejected a challenge to a default judgment based on *Frow* brought by non-defaulting defendants. *Id*. at 155. After prevailing at trial against the plaintiff, the non-defaulting defendants moved to have the judgment in favor of the plaintiff against the non-defaulting party amended in accordance with the jury's verdict. *Id.* at 153. The district court denied the motion and the non-defaulting parties appealed. *Id.* The Third Circuit affirmed, concluding that *Frow* did not mandate reversal. *Id*. at 155.

5

The court of appeals interpreted *Frow* as "stand[ing] for the proposition that in certain circumstances it is inappropriate to enter a default judgment against one defendant when other defendants in the same case have prevailed." *Id.* at 154. Although finding that the *Frow* "opinion does not identify those specific circumstances" where a default judgment would be improper, the Third Circuit joined other Circuit Courts in characterizing the opinion as follows:

> *Frow* stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceedings in which the exculpatory facts were proved.

*Id.* (citing cases). The *Farzetta* court declined to follow this rule, as it concluded that the facts proved at trial did not relieve the defaulting party's liability to the plaintiff. *Id.* Similarly, in *Douglas v. Metro Rental Services, Inc.*, 827 F.2d 252 (7th Cir. 1987), the court declined to set aside a judgment against a defaulting party based on a jury verdict in favor of a non-defaulting party, but only because the court concluded that the exoneration of the latter defendant did not compel a finding of no liability as to the former defendant. *Id.* at 255.

*Farzetta* and *Douglas*, therefore, support Beaumont's arguments for why entry of a default judgment against Luca is currently premature. In the present matter, unlike *Farzetta* and *Douglas*, there has not been a trial or any other formal

presentation of the evidence (e.g. a motion for summary judgment) to determine the merits of the allegations in Plaintiff's Complaint. It may very well be the case that the evidence ultimately presented will undermine not only Plaintiff's claims against Beaumont, but also her claim against Luca.[2]

*Phoenix Renovation Corporation v. Gulf Coast Software, Inc.*, 197 F.R.D. 580 (E.D. Va. 2000), similarly supports Beaumont's rather than Plaintiff's arguments. Plaintiff is correct that the district court in *Phoenix Renovation* questioned the remaining force of *Frow* following the adoption of Rule 54. *Id.* at 582. However, the court recognized that *Frow* has continued to be interpreted as "bar[ring] entry of default judgment against one of several defendants … 'if the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or the nature of the relief demanded is such that, in order to be effective, it must be granted against each and every defendant.'" *Id*. at 582-83 (citing authority).

More significantly here, the District Court for the Eastern District of Virginia recognized in *Phoenix Renovation* that "[o]ther authorities suggest that when defendants are similarly situated though not jointly liable, final judgment should not be entered against a defaulting defendant until after a determination on

---

[2] In fact, Beaumont has attached some evidence to its response brief contradicting the allegations against Luca in Plaintiff's pleadings. (*See* Carroll Dep., ECF No. 62-2.)

7

the merits with respect to other defendants." *Id*. at 583 (citing authority). Although the complaint was not pleaded in terms of the defendants' joint liability, the court relied on that authority to conclude that it was premature to enter default judgment against one defendant as the defendants were " 'similarly situated' with respect to the facts which, if established, would foreclose liability under the cause of action pleaded." *Id*. The current matter presents a similar scenario.³

For these reasons, while Luca may be in default, the Court concludes that it is premature to enter a default judgment against her. Further, the Court finds that Plaintiff has not established her entitlement to the judgment sought.

First, Plaintiff seeks a default judgment against Luca totaling $338.077.56 "as a result of Defendant Luca's unlawful sexual assault that [she] experienced." (Pl.'s Aff. ¶ 5, ECF No. 54-1 at Pg ID 550.) However, Plaintiff is suing Luca for retaliation, not assault. Second, in her affidavit, Plaintiff estimates the total value of her emotional damages as $300,000, without explaining the basis for how that

---

³ Plaintiff also quotes from the Second Circuit's decision in *International Controls Corp. v. Vesco*, 535 F.2d 742 (1976), where in a footnote the court addressed the defendant's argument that *Frow* forbids the entry of a default judgment against one defendant while remaining defendants continue to challenge liability. *Id*. at 746 n.4. In doing so, the *International Controls* court questioned the continued force of *Frow* in light of the subsequent adoption of Federal Rule of Civil Procedure 54(b). *Id*. The court's statement was pure dicta, however. Moreover, the Second Circuit went on to acknowledge that *Frow* possibly "controls in situations where the liability of one defendant necessarily depends upon the liability of the others." *Id*. (citing *Redding & Co. v. Russwine Constr. Corp.*, 463 F.2d 929, 932-33 (D.C. Cir. 1972)).

amount has been calculated. Next, she describes having incurred approximately $1,000 in medical expenses from September 2018 to July 13, 2020, but does not describe whether those expenses are for the medication or mental health counseling she has received (and which appear to be included already in the calculation of her emotional distress damages) or why she anticipates additional medical expenses of $10,000 over the next ten years as a result of Luca's conduct. Finally, Plaintiff claims legal expenses of $25,349.52, although there is no indication that those expenses are restricted to the litigation of this matter against Luca.

Accordingly,

**IT IS ORDERED** that the hearing on Plaintiff's Second Motion for Default Judgment as to Rachel Luca is **CANCELLED** and the motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 3, 2020