UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.

Case No: 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

_____/

Lisa C. Ward (P38933)
Law Offices of Lisa C. Ward, PLLC
Attorney for Plaintiff
4131 Okemos Road, Suite 12
Okemos, MI  48864
517-347-8102
lisacward@aol.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
By: Eric J. Pelton (P40635)
     Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

_____/

**DEFENDANT BEAUMONT HEALTH'S
RESPONSE TO PLAINTIFF'S MOTION TO PROVIDE
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Kristina Garcia recently submitted to the Court the case of *Wyatt v. Nissan North America, Inc.*, __ F.3d __, 2021 WL 2177668 (6th Cir. May 28, 2021) as "supplemental authority" in opposition to Beaumont's pending Motion for Summary Judgment. (ECF No. 77, PageID 1419-1446.) Garcia claims that *Wyatt* supports her position that a material fact question exists on the question of whether Beaumont took prompt and appropriate remedial action once "Plaintiff reported retaliation by Ms. Luca on August 27, 2018" because Beaumont did not place Luca on a performance improvement plan until "about October 18, 2018." (ECF No. 77, PageID 1405.)  In making this argument, Garcia ignores the undisputed events that occurred between her complaint of harassment on August 27, 2018 and Luca's October 18, 2018 discipline for continuing to talk about the complaint with co-workers.  Beaumont did not ignore Garcia's complaint. Instead, two members of management and HR immediately reached out to Garcia and then investigated and counseled Luca regarding the unsubstantiated allegations *and any alleged harassment undisputedly stopped*.

In addition, Garcia's purported supplemental authority is factually inapposite. And the legal principle regarding retaliatory harassment that led to summary judgment of that claim in *Wyatt* applies here too. *Wyatt* confirms that summary judgment for Beaumont is warranted where: (1) unlike Wyatt, Garcia does not claim to have suffered any adverse action after lodging her one and only complaint of

sexual harassment and (2) Garcia, just like Wyatt, has not established that she was subjected to severe or pervasive retaliatory harassment for which Beaumont can be liable.

### A. *Wyatt* Is Factually Inapposite to Garcia's Case.

Wyatt was a project manager who claimed that she was subjected to unabated sexual assaults and ongoing sexually harassing comments by her manager over a three-month period. Wyatt's alleged harasser allegedly lured her to a hotel room, exposed his genitals, held her against her will, stroked her shoulders and buttocks, and subjected her to sexually inappropriate comments. *Wyatt* at *1-3. When Wyatt rejected her manager's advances, he complained about her performance and removed her from a key project. *Id.* Although Wyatt reported being sexually groped, Nissan did not take any steps to investigate or separate her from her alleged harasser for several weeks—during which time, Wyatt continued to be repeatedly sexually assaulted. After Wyatt lodged her complaints, she claims that management retaliated by criticizing her performance, demanding documentation related to requested accommodations, and refused to allow her to work a 40-hour workweek.

The Sixth Circuit reversed the trial court's grant of summary judgment to Nissan with respect to Wyatt's hostile work environment claim and Wyatt's retaliation claims based on adverse employment actions that were not disputed by defendant. In part, the company's delay in investigating the sexual harassment (not

3

retaliation) complaint led to this finding. The Sixth Circuit, however, affirmed the trial court's grant of summary judgment to Nissan with respect to Wyatt's retaliation claims based on retaliatory harassment—which is the only claim to which Garcia claims *Wyatt* is applicable here.

> **B.** ***Wyatt* Confirms That Summary Judgment on Garcia's Elliott-Larsen Hostile Work Environment Claim Is Warranted.**

Tellingly, Garcia does not contend that *Wyatt* is relevant or applicable to her Elliott-Larsen hostile work environment claim. For the reasons discussed in Beaumont's principal brief, Beaumont cannot be liable for alleged coworker harassment where it undisputedly took immediate action in response to Garcia's one and only sexual harassment complaint against coworker Rachel Luca, and that action (investigation and counseling) unequivocally stopped Luca's alleged sexual harassment. (ECF No. 72, PageID 875-880, 889-891.) In fact, the Sixth Circuit specifically recognized and distinguished Wyatt's allegations from the factual scenario present here where summary judgment is warranted. *Id.* at *6, *citing Fenton v. HiSAN, Inc.,* 174 F.3d 827, 830-831 (6th Cir. 1999) (affirming summary judgment where employer immediately reacted to reports of harassment and separated plaintiff from alleged harasser five days later); *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 407 (6th Cir. 1997) (concluding that employer took prompt and adequate action in part because plaintiff "admit[ted] that there were no incidents of sexual harassment after she made her complaint").

### C. *Wyatt* Confirms That Summary Judgment on Garcia's Retaliation Claim Is Warranted.

The *Wyatt* opinion affirmed summary judgment for Nissan on Wyatt's retaliatory harassment claim because Wyatt did not establish that she was subjected to severe or pervasive retaliatory conduct. *Wyatt,* 2021 WL 2177668 at * 16. Garcia's alleged retaliatory harassment (*i.e.*, Luca telling three coworkers her side of the story while Garcia was discussing it with others as well) falls even further short of this legal threshold. Garcia's retaliation claim thus fails as a matter of law for this reason. See, ECF No. 72-2, PageID 966-968; ECF No. 72-4, PageID 1097; ECF No. 72-7, PageID 1261, 1264-1266; ECF No. 72-6, PageID 1217-1218.

*Wyatt* did not involve retaliatory *coworker* harassment. Therefore, *Wyatt* did not address or analyze the other essential element of a coworker retaliatory harassment claim—*i.e.,* that the employer condoned, tolerated, or encouraged the acts of alleged coworker retaliation or responded so inadequately that the response manifests indifference or unreasonableness under the circumstances. See, ECF No. 74, PageID 1356-1357. Garcia nevertheless tries to point to the length of time between her complaint (Aug. 27) and the date Luca's discipline was administered (Oct. 18), and claims that *Wyatt* confirms that it meets that element. That is not true. *See, Wyatt* at * 16. Moreover, as a factual matter, *Garcia cannot conveniently ignore the undisputed events that occurred between those two dates.* Beaumont did not sit on its hands and ignore Garcia's complaint. Instead, two members of management

and HR immediately reached out to Garcia and then investigated. The intervening time between Garcia's retaliation complaint and the administration of Luca's discipline was due to: (1) Garcia's three weeks of vacation and FMLA when she told Beaumont that she was not available to be interviewed regarding her allegations, (2) Garcia's refusal to meet with Beaumont during its investigation unless she could bring her lawyer; and (3) Luca's absences due to previously approved intermittent FMLA leave and absences, resulting in her discipline being administered nine days after it was prepared. (ECF No. 72-2, PageID 966-968; ECF No. 72-4, PageID 1097; ECF No. 72-7, PageID 1261, 1264-1266; ECF No. 72-6, PageID 1217-1218.) *Wyatt* does not discuss nor support Garcia's claim that Beaumont's response under the circumstances is tantamount to "condoning, tolerating, or encouraging" Luca's alleged retaliation necessary to support a retaliatory coworker harassment claim. The facts and law discussed in Beaumont's summary judgment briefs confirm it is not.

        Respectfully submitted,

        KIENBAUM HARDY VIVIANO
        PELTON & FORREST, P.L.C.

        By: */s/ Shannon V. Loverich*
            Eric J. Pelton (P40635)
            Shannon V. Loverich (P53877)
        Attorneys for Defendant Beaumont Health
        280 N. Old Woodward Ave. Ste. 400
        Birmingham, Michigan 48009
        (248) 645-0000
        epelton@khvpf.com
Dated: June 23, 2021        sloverich@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

*/s/ Shannon V. Loverich*
Shannon V. Loverich (P53877)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
(248) 645-0000
sloverich@khvpf.com

417956