UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.

Case No: 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

---

Lisa C. Ward (P38933)
Law Offices of Lisa C. Ward, PLLC
Attorney for Plaintiff
4131 Okemos Road, Suite 12
Okemos, MI  48864
517-347-8102
lisacward@aol.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
By: Eric J. Pelton (P40635)
    Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

---

**DEFENDANT BEAUMONT HEALTH'S
RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT
BEAUMONT'S MOTION FOR SUMMARY JUDGMENT**

For the second time, Plaintiff Kristina Garcia has submitted to the Court inapplicable "supplemental authority" claiming it supports her position that her Title VII and Elliott-Larsen discrimination or retaliation claims can survive summary judgment. Again, Garcia is wrong. The supplemental authority has no bearing on the material undisputed facts in this case.

The legal discussion in *Threat v. City of Cleveland*, 6 F.4th 672 (6th Cir. 2021) focused on whether a shift change could constitute a materially adverse employment action in a Title VII race discrimination case. The court concluded that the involuntary and undesirable shift changes imposed by management in that case could constitute materially adverse employment actions because they precluded the exercise of the employees' seniority rights and diminished the employees' supervisory responsibilities. *Threat,* ECF No.81, PageID.1490. There is no involuntary shift change at issue here—nor any other involuntary and adverse employment decision taken by Beaumont. Instead, Garcia focuses on her voluntary resignation from Charge Therapist duties (in an email thanking her management) three months after Luca, her coworker and alleged harasser, left Beaumont. *Threat* is wholly irrelevant to that event and sheds no light on any other issue in this case.

Garcia's Supplemental Brief asserts that she "involuntarily lost" her Charge Therapist duties when she sent a February 28, 2019, email telling Beaumont management that she was resigning from performing them. *See,* ECF 72-2,

1

PageID.1081. Garcia claims that she was "forced" to write this email because Beaumont had failed to "honor her request to not be scheduled on the midnight shift with Luca"—even though Luca's employment had been terminated three months earlier. *See,* ECF No. 84, PageID.1504-1505. Garcia then apparently jumps to the conclusion that the involuntary shift changes in *Threat* are analogous to her voluntary resignation of Charge duties. She thus concludes that she can establish a materially adverse action necessary for viable discrimination and/or retaliation claims. Garcia is wrong on all counts.

Garcia's characterization of her resignation from Charge Therapist duties as "involuntary" is dishonest and refuted by the undisputed facts addressed in Beaumont's principal briefs. Garcia's February 28, 2019 email of resignation was admittedly prepared at her own initiative. ECF 72-2, PageID.1060. In the email, she thanked her management and told them how much she had "thoroughly enjoyed" the Charge responsibilities. (ECF 72-2, PageID.1081). Garcia ignores this and now tries to link her resignation to Luca, which is absurd. Luca was not even employed with Beaumont at the time—she had been fired three months earlier. (ECF 72-4, PageID.1095; ECF No. 72-2, PageID.1060-1061.) Plaintiff further dissembles the record and chronology by suggesting she had to quit the Charge Therapist position due to Beaumont's alleged failure to schedule Plaintiff and Luca on different shifts. But Garcia never asked to be "moved from the midnight shift." ECF No. 72,

PageID.883-884. She asked to not be assigned Charge duties if Luca was working.[1] Beaumont agreed to Garcia's request, but prior to Luca's termination, inadvertently scheduled Garcia as Charge when Luca was working on only *two* occasions. *Id.* The schedule was changed in advance at Garcia's request on one occasion after Garcia alerted management; on the other occasion, Garcia did not request a change and worked the shift without incident and without any interaction whatsoever with Luca. *Id*. Moreover, those two inadvertent scheduling mistakes were in October 2018, four months before Plaintiff voluntarily resigned her Charge duties. While Garcia desperately wants to characterize her voluntary resignation of Charge duties four months after Luca last worked at Beaumont as a materially adverse action that is somehow legally attributable to Beaumont, she has no legal authority to support that fiction. *Threat* discusses no facts or law that support it, and Garcia's prior summary judgment responses fail in this regard as well.

The facts and law discussed in Beaumont's principal summary judgment briefs confirm that Garcia cannot identify a materially adverse action to support her Title VII or Elliott-Larsen claims, and summary judgment for Beaumont is warranted. *Threat* does not help her case.

---

[1] Beaumont was already scheduling Garcia and Luca in separate towers of its Royal Oak hospital. Garcia admits that she was never again paired to work with Luca after her initial complaint about Luca. ECF 72, PageID.880.

3

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: */s/ Shannon V. Loverich*
    Eric J. Pelton (P40635)
    Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Ave. Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com

Dated: September 1, 2021    sloverich@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

    */s/ Shannon V. Loverich*
    Shannon V. Loverich (P53877)
    Kienbaum Hardy Viviano
    Pelton & Forrest, P.L.C.
    280 N. Old Woodward Ave., Ste. 400
    (248) 645-0000
    sloverich@khvpf.com

423813