UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

Plaintiff,  **Case No.: 19-cv-11673**

v.  Judge Linda V. Parker

**BEAUMONT HEALTH and**  Magistrate Judge David R. Grant
**RACHEL LUCA,**

Defendants.

_____

| | |
|---|---|
| Lisa C. Ward (P38933) | Eric Pelton (P40635) |
| Veronica Stachurski (P85110) | Shannon Loverich (P53877) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Law Offices of Lisa C. Ward, PLLC | Kienbaum Hardy Viviano |
| 4131 Okemos Rd., Ste. 12 | Pelton & Forest, PLC |
| Okemos, MI 48864 | 280 N. Old Woodward Ave.. |
| (517) 347-8100 | Ste. 400 |
| lisacwardlaw@gmail.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | (248) 645-1385 |
| | epelton@khvpf.com |
| | sloverich@kvpvf.com |

_____

**REVISED MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT LUCA**

1

NOW COMES Plaintiff, by and through her Attorneys, and for the reasons set forth in the attached Brief in Support of Revised Motion for Default Judgment Against Defendant Luca, hereby requests that this Honorable Court issue a default judgment against Defendant Luca. In the alternative, Plaintiff requests that this Court schedule an evidentiary hearing on the issue of the nature and extent of Plaintiff's damages caused by Defendant Luca.

                                          Respectfully submitted,

Dated: 11/08/2021                                */s/ Lisa C. Ward*
                                                             Lisa C. Ward (P38933)
                                                             Attorney For Plaintiff
                                                             Law Offices Of Lisa C. Ward, PLLC
                                                             4131 Okemos Road, Suite 12
                                                             Okemos, Michigan 48864
                                                             (517) 347-8100
                                                             lisacwardlaw@gmail.com

# BRIEF IN SUPPORT OF REVISED MOTION FOR DEFAULT JUDGMENT
# AGAINST DEFENDANT LUCA

## INTRODUCTION

Plaintiff, Kristina Garcia, through her Attorneys, Lisa C. Ward and Veronica Stachurski, Law Offices of Lisa C. Ward, PLLC, hereby requests that this Honorable Court enter a default judgment against Defendant Rachel Luca pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 7.1.

## PROCEDURAL HISTORY

Plaintiff's original complaint was filed on June 6, 2019 (ECF No. 1) and personally served on Defendant Luca on July 28, 2019 (ECF No. 5). When Defendant Luca failed to timely file an answer, a clerk's entry of default was entered on August 30, 2019 (ECF No. 10). During the over two years that this case has been pending in court, Defendant Luca has never filed a motion to set aside the default that was entered against her.

On March 6, 2020, this Court issued its Opinion And Order Granting In Part And Denying In Part Plaintiff's Motion To Amend Complaint (ECF No. 26). In the March 6, 2020 Opinion and Order, this Court held that Plaintiff's Amended

Complaint stated a viable retaliation claim against Defendant Luca (ECF No. 26 at PageID.144). Pursuant to this Court's Order, Defendant Luca was timely served with a copy of the Amended Complaint on June 2, 2020 and again on June 9, 2020 (ECF No. 40 and 41).

Defendant Luca again failed to file a response to the Amended Complaint. Pursuant to this Court's July 23, 2020 order, on July 30, 2020 Plaintiff filed her Second Motion For Default Judgment (ECF No. 54). This Court denied Plaintiff's Second Motion For Default Judgment without prejudice on September 3, 2020 (ECF No. 70).

Subsequently, this Court issued an Opinion And Order Granting Defendant Beaumont Health's Motion for Summary Judgment and dismissed Defendant Beaumont Health from this case on October 25, 2021 (ECF No. 86). Given that Defendant Luca is the only defendant still remaining in this case, Plaintiff requests that this Court grant her Revised Motion For Default Judgment. In the alternative, Plaintiff requests that this Court schedule an evidentiary hearing with regard to the nature and extent of Plaintiff's damages in this case.

## ARGUMENT

Fed. R. Civ. P. 55(b)(6) establishes the procedure for entering a default judgment by the court. The rule states that if a plaintiff's claim is not sum certain,

the plaintiff must apply to the court for a default judgment.  In addition, the court may conduct a hearing in order to determine the amount of damages to award.  "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint." *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).

In *Rymal v. Baergen*, 262 Mich.App. 274; 686 N.W.2d 241 (2004), the Michigan Court of Appeals held that an individual employee could be held liable for retaliation under the Elliott-Larsen Civil Rights Act, MCL 37. 2101 *et.seq.,* because the anti-retaliation provision is directed at both employers and individuals.  "MCL 37.2701 could not be drafted in a manner that is any more clear or unambiguous; a 'person,' which by statute and necessity includes an individual, shall not retaliate, and the term invokes individual liability." Id. at 254.

In order for Plaintiff to establish a retaliation claim against Defendant Luca, Plaintiff must show:  (1) that she engaged in protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to Plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *DeFlaviis v. Lord & Taylor, Inc.*, 223 Mich.App. 432; 566 N.W.2d 661 (1997).  As set forth more fully in this Court's March 6, 2020 Opinion And Order Granting In Part And Denying In Part Plaintiff's Motion To Amend Complaint, Plaintiff's Amended Complaint pleads

sufficient facts to state a viable ELCRA retaliation claim against Defendant Luca. (ECF No. 26 at PageID.144).  Given that all of the well pleaded allegations in the Amended Complaint must be deemed admitted, the only issue for the Court to decide is the amount of damages.  For the reasons set forth below, this Court's October 25, 2021 Opinion And Order Granting Defendant Beaumont Health's Motion for Summary Judgment does not require the dismissal of Defendant Luca as well, because Defendant Beaumont Health and Defendant Luca are not jointly and severally liable.

In *Frow, v. De Le Vega*, 82 U.S. 552 (1872), the United States Supreme Court held that where defendants are jointly liable and one defendant is defaulted and the others are dismissed from the action, the defaulted defendant should be dismissed as well.  Other circuit courts have questioned whether *Frow, supra*, remains viable after the adoption on Fed. R. Civ. P.  Rule 54(b).  *In Re Uranium Litigation*, 617 F.2d 1248 (7th Cir. 1980).  In *Turner & Newall, L.T.D. v. Certainteed Corp.*, 797 F.2d 151 (3rd Cir. 1986), the Third Circuit was confronted with the issue of whether it should enter a default judgment against two defendants after a third defendant in the case had been no caused by the jury.  After determining that the liability of one defendant did not depend on the liability of the other two, the Court upheld the district court's grant of a default judgment against the other two defendants.  *Id*. at 154-155.

The Seventh Circuit also refused to apply the *Frow* rule in a case involving housing discrimination in *Douglas V. Metro Rental Services, Inc.,* 827 F.2d 252 (7th Cir. 1987). After a jury issued a no cause of action against the individually named defendant employee, Metro sought to have the prior default against it dismissed. In support of its decision to uphold the default judgment, the Court rejected the *Frow* rule on the basis that there was no joint liability at issue because both defendants had been sued individually and separately. *Id.* at 255-56.

The only issue before the Court is the amount of damages to be awarded to Plaintiff on her claim that Defendant Luca retaliated against her. Defendant Luca told coworkers that Plaintiff's report of sexual harassment against her was a lie. Defendant Luca calling her a liar and slandering her name and her character was a direct result of Plaintiff's report of sexual harassment by Defendant Luca. As set forth above, in the March 6, 2020 Opinion And Order Granting In Part And Denying In Part Plaintiff's Motion To Amend Complaint, this Court held that taking the allegations in the Amended Complaint as true, Plaintiff stated a viable retaliation claim against Defendant Luca.

This is not a case where the liability of Defendant Luca is interrelated with the liability of Defendant Beaumont Health. The Amended Complaint does not allege that the defendants are jointly and severally liable. The retaliation claim against Defendant Luca is for individual liability based on Defendant Luca's own

conduct in this case. *Rymal v. Baergen*, 262 Mich.App. 274; 686 N.W.2d 241 (2004). This Court's October 25, 2021 Opinion And Order Granting Defendant Beaumont Health's Motion For Summary Judgment does not require this Court to deny Plaintiff's Revised Motion For Default Judgment. Although the Court noted that it did not find Defendant Luca's retaliation severe or pervasive, a review of this Court's October 25, 2021 Opinion And Order reveals that the grant of summary judgment on the retaliation claim was based primarily on the Court's determination that no reasonable juror could conclude the Defendant Beaumont Health's response was inadequate. Thus, Plaintiff submits that the *Frow* rule is not applicable in this case, and she is entitled to a default judgment against Defendant Luca in this case. Attached to this Motion is an Affidavit of Plaintiff Kristina Garcia, outlining the nature and extent of her damages from retaliation by Defendant Luca (see Exhibit 1). In the alternative, Plaintiff requests that this Court schedule a hearing on the issue of the nature and extent of Plaintiff's damages caused by Defendant Luca.

## RELIEF

**WHEREFORE**, pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff requests that this Honorable Court grant Plaintiff's Revised Motion for Default Judgment Against Defendant Luca and enter a default judgment against Defendant Luca in the amount of $ 222,145.40.  In the alternative, Plaintiff requests that this Court schedule an evidentiary hearing on the issue of the nature and extent of Plaintiff's damages caused by Defendant Luca.

Respectfully submitted,

Dated: 11/08/2021

*/s/ Lisa C. Ward*
Lisa C. Ward (P38933)
Attorney For Plaintiff
Law Offices Of Lisa C. Ward, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan  48864
(517) 347-8100
lisacwardlaw@gmail.com