UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.

Case No: 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

_____/

| Lisa C. Ward (P38933) | KIENBAUM HARDY VIVIANO |
| --- | --- |
| Veronica Stachurski (P85110) |  PELTON & FORREST, P.L.C. |
| Law Offices of Lisa C. Ward, PLLC | By: Eric J. Pelton (P40635) |
| Attorney for Plaintiff |     Shannon V. Loverich (P53877) |
| 4131 Okemos Road, Suite 12 | Attorneys for Defendant Beaumont Health |
| Okemos, MI 48864 | 280 N. Old Woodward Ave., Ste. 400 |
| 517-347-8102 | Birmingham, MI 48009 |
| lisacwardlaw@gmail.com | (248) 645-0000 |
| | epelton@khvpf.com |
| | sloverich@khvpf.com |

_____/

**DEFENDANT BEAUMONT HEALTH'S RESPONSE TO PLAINTIFF'S REVISED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LUCA**

Plaintiff's Revised Motion for Default Judgment asks this Court to enter judgment against Defendant Luca. But Plaintiff offers no basis for entry of the judgment, and the proposed judgment would directly conflict with the Court's Opinion and Order Granting Defendant Beaumont Health's Motion for Summary Judgment. (ECF No. 86.) It would be inappropriate to enter a default judgment against Luca on the retaliation claim when Beaumont prevailed on the same claim because Luca did not engage in severe or pervasive retaliatory harassment as a matter of law. *Frow v. De La Vega*, 92 U.S. 552 (1872).

Plaintiff's sole claim against Defendant Luca is for retaliation under the Elliot-Larsen Civil Rights Act. Count V of Plaintiff's First Amended Complaint claims both Beaumont and Luca retaliated against Plaintiff for reporting alleged sexual harassment against Luca. (ECF No. 28, PageID.56) As described in detail in Beaumont's Motion for Summary Judgment, Plaintiff's claim is premised on her assertion that after Plaintiff complained of sexual harassment by Luca, Luca told three co-workers her side of the story: that the alleged assault did not happen. (ECF No. 72, PageID.893-894.)

Garcia likewise talked with numerous co-workers about the alleged incident, and Plaintiff admits that Luca's comments did not affect her ability to perform her job and that no one appeared to believe Luca's side of the story. (*Id.*) In its motion, Beaumont argued that these actions were, as a matter of law, insufficient to establish

1

severe or pervasive conduct necessary to establish a retaliatory harassment claim. This Court agreed.

In granting Beaumont's Motion for Summary Judgment on the retaliation claim, this Court held that "Luca's alleged retaliatory conduct—telling three co-workers that Garcia was lying about the July 29 incident—is neither severe nor pervasive. (ECF No. 86, PageID.1538-1539.) As a matter of law, then, Plaintiff's claim against Luca would fail.

Plaintiff previously tried to enter a default judgment against Luca which this Court denied. (ECF No. 70.) The Court's Opinion and Order recognized the importance of avoiding inconsistent judgments. (*Id.* at PageID.852.) The Court stated:

> To avoid inconsistent judgments, courts have postponed entering default judgments in multi-defendant actions until the liability of the answering defendants has been adjudicated. *See Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-909 (E.D. Mich. 2005). "When multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting defendants as to the answering defendants." *United States for Use of Deepali Co. v. FutureNet Grp., Inc.*, No. 17-cv-12911, 2019 WL 4463273, at *1 (E.D. Mich. Sept. 18, 2019). "'[I]f an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.'" *Id.* (quoting *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("It would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting party] on a contract that a jury found was breached by [the plaintiff].").

2

(*Id.* at PageID.852-853.) See also the Court's discussion of *Farzetta v. Turner & Newall, Limited*, 797 F.2d 151 (3d Cir. 1986). (*Id.* at PageId.855-856.)

Plaintiff's motion cites to *Douglas v. Metro Rental Services, Inc.*, 827 F.2d 252 (7th Cir. 1987) for the proposition that the Court should reject the *Frow* rule. (ECF No. 87, PageID.1557.) This Court's opinion denying Plaintiff's prior default judgment motion distinguishes this case because the *Douglas* court "concluded that exoneration of the latter defendant did not compel a finding of no liability as to the [defaulting] defendant." (ECF No. 70, PageID.865.)

Plaintiff relies only on her pleading. But as this Court recognized in denying the initial motion for default judgment "it may very well be the case that the evidence ultimately presented will undermine not only Plaintiff's claims against Beaumont, but also her claims against Luca." (*Id.* at PageID.857.) And that turned out to be true. As Plaintiff acknowledges, she must establish the Defendant took an employment action adverse against Plaintiff; *i.e.,* in the case of Luca, engaged in retaliatory harassment. This Court has already determined that on the facts taken in a light most favorable to Plaintiff, her allegations do not amount to severe or pervasive harassment. (ECF No. 86, PageID.1538-1539.) There is no basis, therefore, for a judgment against Luca. Plaintiff's latest Affidavit, attached to her Revised Moton for Default Judgment, does nothing to change this result.

Although the Court does not need to reach the issue of damages against Luca, Plaintiff's Affidavit fails to tie any of her damages to the alleged retaliation. As with her initial default judgment request, Plaintiff's Affidavit attributes the damage she has sustained to Luca's alleged assault and harassment, a claim she did not bring against Luca. (*See* Garcia's Affidavit at ¶¶ 8, 12 and 14 (ECF No. 89, Page ID.1568-1569).) This Court already found this testimony insufficient to enter a default judgment in the requested amount. (ECF No. 70, PageID.858-859.)

                                            Respectfully submitted,

                                            KIENBAUM HARDY VIVIANO
                                            PELTON & FORREST, P.L.C.

                                            By: /s/ *Eric J. Pelton*
                                                  Eric J. Pelton (P40635)
                                                  Shannon V. Loverich (P53877)
                                            Attorneys for Defendant Beaumont Health
                                            280 N. Old Woodward Ave. Ste. 400
                                            Birmingham, Michigan 48009
                                            (248) 645-0000
                                            epelton@khvpf.com
Dated: November 22, 2021          sloverich@khvpf.com

431350

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

/s/ *Eric J. Pelton*
Eric J. Pelton (P40635)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
(248) 645-0000
epelton@khvpf.com

431350