UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and

RACHEL LUCA,

    Defendants.

CASE NO.:  2:19-cv–11673

Hon. Judge Linda v. Parker

Magistrate Judge David Grand

_____

| Lisa C. Ward (P38933) | Eric J. Pelton (P40635) |
|---|---|
| Veronica Stachurski (P85110) | Shannon V. Loverich (P53877) |
| Attorneys for Plaintiff | Attorneys for Def. Beaumont Health |
| Law Office of Lisa C. Ward, PLLC | Kienbaum Hardy Viviano |
| 4131 Okemos Rd., Ste. 12 | Pelton & Forrest, PLC |
| Okemos, MI 48864 | 280 N. Old Woodward Ave., Ste. 400 |
| (517) 347-8100 | Birmingham, MI  48009 |
| lisacwardlaw@gmail.com | (248) 645-0000 |
| atty.stachurski@gmail.com | epelton@khvpf.com |
| | sloverich@khvpf.com |

_____

**MOTION TO STRIKE DEFENDANT BEAUMONT HEALTH'S RESPONSE TO PLAINTIFF'S REVISED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LUCA AND BRIEF IN SUPPORT**

Plaintiff, by and through her Attorneys, and for the reasons set forth in the attached Brief In Support Of Plaintiff's Motion To Strike Defendant

Beaumont Health's Response to Plaintiff's Revised Motion For Default Judgement Against Defendant Luca, hereby requests that this Honorable Court grant Plaintiff's motion to strike for the reason that Defendant Beaumont Health no longer has standing in this case.

                                Respectfully submitted,

Dated: November 24, 2021       */s/ Lisa C. Ward*
Lisa C. Ward (P38933)
Attorney for Plaintiff
Law Offices of Lisa C. Ward, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
(517) 347-8100
lisacwardlaw@gmail.com

BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANT BEAUMONT HEALTH'S RESPONSE TO PLAINTIFF'S REVISED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LUCA

INTRODUCTION

Plaintiff, Kristina Garcia, through her Attorneys, Lisa C. Ward and Veronica Stachurski, Law Offices of Lisa C. Ward, PLLC, hereby requests that this Honorable Court grant her Motion To Strike Defendant Beaumont Health's Response To Plaintiff's Revised Motion For Default Judgment Against Defendant Luca on the basis that Defendant Beaumont Health no longer has standing in this case.

PROCEDURAL HISTORY

On October 25, 2021, this Court issued an Opinion And Order Granting Defendant Beaumont Health's Motion for Summary Judgment, which terminated Defendant Beaumont Health as a party to this action. ECF No. 86 at PageID.1550. After the Court dismissed Defendant Beaumont Health, on November 8, 2021, Plaintiff filed her Revised Motion For Default Judgment Against Defendant Luca, the only remaining defendant in this case. Plaintiff's Revised Motion For Default Judgment (ECF No. 87) was based on the August 30, 2019 entry of default by the

court clerk and addressed the only remaining issue, the amount of damages Defendant Luca owed to Plaintiff. ECF No. 10.

On October 22, 2021, Defendant Beaumont Health filed a Response opposing Plaintiff's Revised Motion For Default Judgment Against Defendant Luca, in which Defendant Beaumont Health appears to be arguing on behalf of Defendant Luca. ECF No. 92. Plaintiff's Motion To Strike Defendant Beaumont Health's Response to Plaintiff's Revised Motion For Default Judgment Against Defendant Luca should be granted because Defendant Beaumont Health lacks standing to file any response in this matter.

## ARGUMENT

Article III of the United States Constitution requires that an individual have standing to challenge the action sought to be adjudicated in the lawsuit. In *Valley Forge Christian College v. Americans United For Separation Of Church And State, Inc.*, 454 U.S. 464, 472 (1982), the Supreme Court noted that Article III requires that the party attempting to invoke the court's authority must show that he has suffered some actual or threatened injury as a result of the putative illegal conduct of the defendant. "The requirement of standing focuses on the party seeking to get his

complaint before a federal court and not on the issues he wishes to have adjudicated." *Id*. at 484. Although the question of standing often comes up in the context of the plaintiff bringing the action, the Supreme Court has also looked at standing in the context of an individual's authority to defend an action and determined that that authority only belongs to an actual party to the lawsuit. *Karcher v. May*, 484 U.S. 72 (1987).

In addition to the constitutional requirements imposed by Article III, the federal judiciary has also adhered to several prudential principles that bear on the question of standing. The prudential principle at issue in this case involves whether Defendant Beaumont Health can assert a defense on behalf of Defendant Luca. In *Warth v. Seldin*, 422 U.S. 490 (1975), the Supreme Court determined that various individuals and organizations lacked standing to challenge a town's zoning ordinance. In support of its ruling, the Supreme Court held that one of the prudential principles of standing requires that a litigant must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties. *Id*. at 499.

In *Prime Media, Inc., v. City of Brentwood*, 485 F.3d 343 (6th Cir. 2007), the Sixth Circuit looked at whether a party challenging a sign ordinance's height and size, which had been ruled constitutional, could

continue to challenge other aspects of the ordinance. After reviewing the elements of Article III standing, which require that the plaintiff has suffered an injury that is fairly traceable to the defendant's allegedly unlawful conduct that is likely to be redressed by the requested relief, the Sixth Circuit determined that the party no longer had standing. The Sixth Circuit based its holding, in part, on the fact that the other claims raised by the plaintiff were entirely speculative and abstract. *Id*. 353.

The Sith Circuit has also addressed whether a defendant who has been dismissed from the lawsuit can challenge a consent decree that the plaintiff entered into with the remaining defendants. In *United States v. Nozik*, 1998 WL 281345; 1998 U.S. App. LEXIS 14704 (6th Cir. 1998) (Exhibit A), the federal government brought an action against several defendants pursuant to the Clean Water Act. The government negotiated a consent decree with all of the defendants, except Mr. Nozik. After the federal government voluntarily dismissed Mr. Nozik from the case, he sought to have the consent decree vacated. The Sixth Circuit ruled that Mr. Nozik lacked standing to challenge the consent decree because he was no longer a party to the lawsuit. "Even if Nozik at one point had standing to challenge the consent decree, he no longer has standing since the United States voluntarily dismissed him from this lawsuit as a defendant." Id at *2.

It is undisputed that Defendant Beaumont Health was dismissed from this case by Court Order on October 25, 2021. It is also undisputed that Plaintiff's Revised Motion For Default Judgment Against Defendant Luca was filed on November 8, 2021, when Defendant Beaumont Health was no longer a party to this case. As a nonparty, Defendant Beaumont Health has no standing to file a response to Plaintiff's Revised Motion For Default Judgment Against Defendant Luca and it must be stricken from the record in this case. Not only does Defendant Beaumont Health lack the authority to raise legal rights and interests of third party Defendant Luca, but its claim that the proposed judgment would conflict with this Court's October 25, 2021 Opinion And Order Granting Defendant Beaumont Health's Motion for Summary Judgment is entirely speculative and abstract. Therefore, as a nonparty, Defendant Beaumont's Health lacks standing to continue to litigate this case and this Court should strike its Response To Plaintiff's Revised Motion For Default Judgment Against Defendant Luca. *United States v. Nozik*, 1998 WL 281345; 1998 U.S. App. LEXIS 14704 (6th Cir. 1998).

## RELIEF

WHEREFORE, for the above-stated reasons, Plaintiff hereby requests that this Honorable Court grant Plaintiff's Motion To Strike Defendant Beaumont Health's Response To Plaintiff's Revised Motion For Default Judgment Against Defendant Luca for the reason that Defendant Beaumont Health no longer has standing in this case.

Respectfully submitted,

Dated: November 24, 2021

/s/ Lisa C. Ward
Lisa C. Ward (P38933)
Veronica Stachurski (P85110)
Attorneys for Plaintiff
Law Offices of Lisa C. Ward, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
(517) 347-8100
lisacwardlaw@gmail.com

# EXHIBIT A

U.S. v. Nozik, 149 F.3d 1185 (1998)

149 F.3d 1185
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Sixth Circuit.

**UNITED STATES** OF **AMERICA**, Plaintiff-Appellee,
v.
Albert C. **NOZIK**, Defendant-Appellant.

No. 96-4168.
|
June 25, 1998.

On Appeal from the United States District Court for the Northern District of Ohio.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

**Opinion**

**\*1** This action was brought by the United States pursuant to provisions of the Clean Water Act, 33 U.S.C. §§ 1311(a), 1319(a), and 1344, and the Rivers and Harbor Act, 33 U.S.C. §§ 403, 407. The government negotiated a consent decree with all but one of the defendants, Albert C. **Nozik**, and then voluntarily dismissed all pending claims against **Nozik**. Although fully dismissed from this lawsuit, **Nozik** has filed this appeal requesting that the consent decree, to which he is not a party, be vacated. We conclude that **Nozik** lacks standing to challenge a consent decree between the United States and the remaining defendants, and we therefore dismiss this appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose from the illegal discharge of fill materials into a marina lagoon adjoining Lake Erie, for the purpose of reinforcing marina bulkheads, and the illegal discharge of the fill materials into adjacent wetlands to create a parking area for the marina. The United States filed a complaint against Mentor Marina, Mentor Lagoons, **Nozik** (a shareholder of Mentor Lagoons), and Theodore J. Dalheim, in his capacity as court-appointed receiver for Mentor Lagoons. (Mentor Lagoons has been in state receivership after a shareholder suit was brought by members of **Nozik's** family in March 1993. Dalheim was ordered by the state court to liquidate the assets of the corporations and distribute the proceeds to the shareholders.)

Subsequently, **Nozik** filed a counterclaim against the United States alleging selective enforcement, a cross-claim against Dalheim, and several third-party claims. These claims were all dismissed, and only the government's claims against the defendants then remained before the district court. After discovery, the parties filed cross-motions for summary judgment on these claims, and the district court granted summary judgment to the government on all claims.

Before entry of final judgment, the United States reached a settlement of its claims with all parties except **Nozik** and moved for entry of a consent decree. **Nozik** appealed the consent decree to this court. Because the government's complaint against **Nozik** was still pending in the district court, we ruled that absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Fed.R.Civ.P. Rule 54(b), the order, disposing of fewer than all parties or claims in the action, was unappealable. We therefore granted the government's unopposed motion to remand to the district court. On remand, the government moved for voluntary dismissal; **Nozik** did not oppose the government's motion; and the district court then dismissed all pending claims against **Nozik**.

Nevertheless, **Nozik** has now filed another appeal, again challenging the consent decree entered into by the other defendants. He claims an interest arising from a contract of purchase for the receivership property of Mentor Lagoons, Inc., and Mentor Marinas, Inc. An open public auction was held whereby the real estate of these two companies, including the real estate on which the government found environmental violations, would be transferred to the highest bidder. Although **Nozik** bid $8 million and Richard Osborne and Jerome Osborne bid only $7,775,000, the state court awarded the land to the Osbornes. **Nozik** contends that the Osbornes' bid was fraudulently approved with the assistance of the state magistrate. He further argues that by entering into the consent decree, the government facilitated the transfer

of the property to the Osbornes. **Nozik** believes that the receiver's duty to transfer the lagoon property depended on the issuance of the consent decree or other resolution of this litigation. **Nozik** therefore contends that the consent decree impaired his interest in the land.

## DISCUSSION

**\*2** The government maintains that **Nozik** lacks standing to challenge the consent decree between the United States and the remaining defendants, because he was voluntarily dismissed by the United States as a defendant in this case. We agree.

The doctrine of standing "serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). To invoke a federal court's jurisdiction, a person must establish (1) that he has suffered an "injury in fact," (2) that his injury is "fairly traceable" to the challenged action, and (3) that his injury will likely be "redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 1161, 137 L.Ed.2d 281 (1997). These elements are the "irreducible minimum" required for standing. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

**Nozik** has not satisfied the requirements for standing. First, he has not been injured by the consent decree. **Nozik** is not a party to the consent decree, and the decree explicitly states that it "does not resolve the United States claims against **Albert** C. **Nozik**." Therefore, **Nozik** is not bound by the decree, nor does the decree deprive **Nozik** of any legal rights. *See Firefighters v. Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986) ("[A] court may not enter a consent decree that imposes obligations on a party that did not consent to the decree."). Because **Nozik** is not a party to the consent decree, he is not bound by it and, therefore, has not suffered the "injury in fact" required for standing.

Second, **Nozik's** claimed injury is not "fairly traceable" to the entry of the consent decree. **Nozik** claims that his injury resulted when the state court rejected his bid to purchase the Mentor Lagoons property, which was in receivership, and accepted the Osbornes' competing bid. **Nozik** argues that because the state court conditioned the transfer of the Mentor Lagoons property to the Osbornes upon the entry of the consent decree in federal court, he was injured by the consent decree. In this regard, the consent decree simply states that the Osbornes "have been identified as prospective purchasers" and that the United States "does not anticipate exercising its right to object" to such sale. The sale to the Osbornes, therefore, was the result of independent state court action, and not "fairly traceable" to the entry of the consent decree in federal district court.

Finally, it is not apparent that **Nozik's** claimed injury is "redressable" by a favorable judicial ruling vacating the decree. The record contains no evidence that the state court would reverse the transfer of the property to the Osbornes if the consent decree were vacated by this court.

Even if **Nozik** at one point had standing to challenge the consent decree, he no longer has standing since the United States voluntarily dismissed him from this lawsuit as a defendant. In general, a non-party cannot appeal an adverse judgment or attack a consent decree. Only parties to a lawsuit have standing to appeal. *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988); *Karcher v. May*, 484 U.S. 72, 77, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987). In order for a non-party to challenge a consent decree, he must intervene. *See Marino*, 484 U.S. at 304 ("[B]ecause petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement"); *Shults v. Champion Int'l Corp.*, 35 F.3d 1056, 1059 (6th Cir.1994) (non-named class members lacked standing to appeal a settlement order because they failed to intervene). **Nozik** did not oppose the government's motion to dismiss him from this lawsuit, and he failed to intervene for purposes of challenging the consent decree. Therefore, he lacks standing to appeal the entry of the consent decree. *See Armstrong v. Adams*, 869 F.2d 410, 414 (8th Cir.1989) (appellants who had been dismissed as defendants lack standing to object to settlement). Accordingly, this court lacks jurisdiction to consider **Nozik's** challenge to the district court's entry of the consent decree.

U.S. v. Nozik, 149 F.3d 1185 (1998)

## CONCLUSION

*3 Nozik is not a party to the consent decree. In addition, any injury that Nozik suffers does not stem from the consent decree, but from independent state proceedings. Because Nozik was voluntarily dismissed from the lawsuit without objection, in order to appeal the consent decree, he was required to intervene. Because he did not intervene, he has no standing under which to appeal the consent decree to which he is not a party. Accordingly, we **DISMISS** the appeal.

**All Citations**

149 F.3d 1185 (Table), 1998 WL 381345

End of Document © 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2021 Thomson Reuters. No claim to original U.S. Government Works. 3