UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRISTINA GARCIA**,

      Plaintiff,

v.

CASE NO.: 2:19-cv-11673

District Judge Linda V. Parker

**Beaumont Health and RACHEL LUCA,**

Magistrate Judge David Grand

      Defendants.

___

**Lisa C. Ward (P38933)**
**Veronica L. Stachurski (P85110)**
Attorneys for Plaintiff
Law Office of Lisa C. Ward, PLLC
4131 Okemos Rd., Ste. 12
Okemos, MI 48864
(517) 347-8100
lisacwardlaw@gmail.com

**Eric J. Pelton (P40635)**
**Shannon V. Loverich (P53877)**
Attorneys for Def. Beaumont Health
Kienbaum Hardy Viviano Pelton &
    Forest, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

___

# MOTION TO REVIEW ACTION OF THE TAXATION CLERK AND BRIEF IN SUPPORT

Plaintiff, Kristina Garcia, by and through her attorneys, Lisa C. Ward and Veronica L. Stachurski, Law Offices of Lisa C. Ward, PLLC, and for the reasons set forth in the attached Brief in Support, hereby files this Motion to Review Action of the Taxation Clerk. Plaintiff hereby requests that this Honorable Court reverse the

costs taxed by the Clerk, thus denying Defendant Beaumont Health's Bill of Costs. In the alternative, the Clerk erred in taxing nontaxable costs, and thus, the Taxed Bill of Costs should be denied.

Respectfully submitted,

Dated: November 29, 2021

*/s/ Veronica L. Stachurski*
Lisa C. Ward (P38933)
Veronica L. Stachurski
Attorneys for Plaintiff
Law Offices of Lisa C. Ward, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
(517) 347-8100
lisacwardlaw@gmail.com

# BRIEF IN SUPPORT OF MOTION TO REVIEW ACTION OF THE TAXATION CLERK AND TAXED COSTS

On October 25, 2021, this Court issued an Opinion And Order Granting Defendant Beaumont Health's Motion for Summary Judgment, which terminated Defendant Beaumont Health as a party to this action (ECF No. 86). On November 22, 2021, Defendant Beaumont Health filed a Bill of Costs (ECF No. 90) which included non-taxable costs. Also on November 22, 2021, the Clerk of this Court issued a Taxed Bill of Costs (ECF No. 91), granting all but one cost requested by Defendant Beaumont Health. This Court should reverse the Taxed Bill of Costs on the basis that it was filed prematurely; it is unnecessary, the plaintiff acted in good faith, and the case was complex. In the alternative, the Court should vacate the Taxed Bill of Costs because it included unreasonable and nontaxable costs, as set forth below.

**I.     The Taxation of Costs is Premature in This Case**

Local Rule 54.1 states that a party seeking costs under Fed. R. Civ. P. 54(d)(1) must file a bill of costs no later than 28 days *after* the entry of judgment." (emphasis added). However, Fed. R. Civ. P. 54(b) states,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

3

This Court's Opinion and Order Granting Defendant Beaumont Health's Motion for Summary Judgment (ECF No. 86) adjudicated fewer than all claims on fewer than all parties in the case. The decision of this does not constitute an entry of judgment for purposes of Fed. R. Civ. P. 54. Not only did Defendant file its Bill of Costs early, but the Taxation Clerk issued the Taxation of Costs prematurely, as no judgment has been entered in this case.

## II.  Defendant Beaumont Health's Costs Should be Denied

The Sixth Circuit has held that the language of Rule 54(d) "allows denial of costs at the discretion of the trial court." *Singleton v. Smith & Ross*, 241 F.3d 534, 539 (6th Cir. 2000) *quoting White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986). The Court, when determining the equity of awarding costs, does so "under all the circumstances of the case." *White & White* at 732, *quoting Lichter Foundation, Inc. v. Welch*, 269 F.2d 142 (6th Cir. 1959). This Court has upheld a denial of costs on the basis of the plaintiff's good faith, the difficulty of the case, and the costs being unnecessary. *See Id.* at 730, 733 (internal citations omitted); *see also Lichter*, 269 F.2d at 146.

In *White & White*, this Court upheld a denial of costs where the plaintiff acted in good faith, the defendant requested unnecessary costs, and where the case was difficult. Here, Plaintiff has acted in good faith through the entirety of this case, and

4

the entered costs are unnecessary because Defendant Beaumont Health has included nontaxable and unreasonable costs. By way of example, Defendant Beaumont Health included costs for a deposition transcript that was not even used in the Defendant's Motion for Summary Judgment, which is contrary to the rules. (Bill of Costs Handbook, II(C); Fed. R. Civ. P. 54.)

This case has also been complex and difficult. This case has involved new claims regarding Title VII protection against sex discrimination on the basis of sexual orientation. Therefore, as this case incorporated law that was expanding and growing, the matter became more complex. As explained in *White & White*, the difficulty of a case is "judged not by whether one party clearly prevails over another," but by the perception required to analyze relevant evidence and "by the difficulty of discerning the law of the case." 786 F.2d at 732-33. This case has included five separate counts against two defendants, produced thousands of pages of discovery, and it has been pending for two and a half years.

**III. The Taxation Clerk Taxed Nontaxable Fees**

Finally, even if this Court were to award costs in this case, the Taxation Clerk erred in taxing fees in the amount of $2,537.48 (ECF No. 91). The Clerk was correct to disallow the $380.00 *RealTime* fee. However, the Clerk was incorrect to allow the following costs: deposition transcript of Kristina Garcia dated 09.22.2020 in its

5

entirety; deposition transcript of Kristina Garcia dated 02.04.2020, which is unreasonable and includes nontaxable costs; deposition of Antoinette Carroll dated 02.21.2020, which is unreasonable and includes nontaxable costs, and deposition transcript of Jean Aphram dated 03.13.2020, which is unreasonable and includes nontaxable costs.

**(a) Deposition transcript of Kristina Garcia dated 09.22.2020**

Pursuant to this Court's Bill of Costs Handbook, II(C), transcripts used in support of a motion are taxable while transcripts used primarily for trial preparation or discovery are not taxable. Here, Defendant Beaumont Health does not cite to the deposition of Kristina Garcia dated 09.22.2020 at all in its Motion for Summary Judgment.[1] Thus, Plaintiff's second deposition, dated 09.22.2020, was not used in support of a motion and is therefore not taxable. This Court has upheld taxing the cost of a second deposition where it was used extensively in the motion and "established many facts cited in support of [Defendant's] successful motion for summary judgment." *Banks v. Bosch Rexroth Corp.*, No. 14-6115, *3 (6th Cir., 2015) (Exhibit 1). That is not the case here, where Defendant Beaumont Health failed to cite to the deposition in question even once in its motion for summary

---

[1] The Court Reporter continued pagination from Plaintiff first deposition; deposition of Kristina Garcia dated 09.22.2020 "Volume II" begins on page 305.

judgment and was not used to establish any facts. Therefore, the Clerk was incorrect to tax $443.03 for this cost.

**(b)     Deposition transcript of Kristina Garcia dated 02.04.2020**

As stated above, the Clerk was correct to disallow the $380.00 *RealTime* fee. If this Court allows costs, the costs charged by the Clerk were both unreasonable and included nontaxable fees. When paid *reasonable* fees, court reporters must furnish a copy of the transcript to any party or the deponent. Fed. R. Civ. P. 30(f)(3) (emphasis added). Court reporters operating in the state of Michigan are regulated by Michigan law. *See* MCR 8.108(G); MCL § 600.2543. Pursuant to Michigan law, court reporters are entitled to charge $1.75 per original page and 30 cents per page for each copy. MCL § 600.2543. However, Court reporters cannot charge more than 2/3 of the price of an original transcript for a copy of that transcript. MCL § 600.1491(2)(b). Thus, a reasonable cost for an original transcript should not be greater than the cost at $1.75 per page and/or 30 cents per page for a copy.

Here, the deposition transcript of Kristina Garcia dated 02.04.2020 was a total of 304 pages. At the reasonable charge of $1.75 per page, a reasonable cost for this transcript is $532.00. The taxed cost for the transcript is more than double that ($1,148.85), and is unreasonable. Moreover, the Litigation Support Package is not a taxable cost pursuant to the Bill of Costs Handbook, II(C). Thus, $45.19 as improperly taxed. Finally, while delivery charges are taxable, "Handle/Process"

charges are not. Defendant has failed to adequately describe how additional "handle/process" fees are taxable costs, and therefore, the charge of $45.19 is also not allowable. If this Court allows costs for this item, the maximum reasonable cost to be taxed is $888.63, which represents the reasonable cost of the transcript, cost of attendance, cost of copy, and cost of Exhibits, which are the only taxable costs pursuant to Fed. R. Civ. P. 54(d) and this Court's Bill of Costs Handbook.

### (c) Deposition transcripts of Antoinette Carroll and Jean Aphram

Defendant Beaumont Health did not take the deposition of Antoinette Carroll or Jean Aphram, and should only charge costs for <u>copies</u> of the transcripts. Pursuant to Michigan law and reasonable costs for court reporter fees, a copy of the transcript is limited to $0.30 per page, and the deposition transcript of Antoinette Carroll should be taxed at no greater than $28.80.[2] Thus, without the nontaxable "hand/process" costs, the total taxable cost for this deposition is $37.80.

Moreover, the deposition transcript of Jean Aphram is just 79 pages. Thus, without the nontaxable "handle/process" cost improperly taxed by the Clerk, the maximum taxable cost for this deposition is $32.45. Therefore, based on the above, even if this Court were to hold that costs should be taxed in this case, that amount to be taxed, pursuant to Fed. R. Civ. P. 54 and this Court's Bill of Costs Handbook, should not exceed a total of $958.88.

---

[2] This deposition transcript totaled 96 pages.

## **RELIEF**

WHEREFORE, for all of the reasons set forth above, Plaintiff hereby requests that this Honorable Court grant Plaintiff's Motion to Review Action of the Taxation Clerk, and DENY Defendant Beaumont Health's Bill of Costs.

                                                  Respectfully submitted,

Dated: November 29, 2021         */s/ Veronica L. Stachurski*
                                                Lisa C. Ward (P38933)
                                                Veronica L. Stachurski
                                                Attorneys for Plaintiff
                                                Law Offices of Lisa C. Ward, PLLC
                                                4131 Okemos Road, Suite 12
                                                Okemos, Michigan 48864
                                                (517) 347-8100
                                                lisacwardlaw@gmail.com

# EXHIBIT 1

LASHAUNNA BANKS, Plaintiff-Appellant,
v.
BOSCH REXROTH CORPORATION; DAN REYNOLDS;
GEOFF O'NAN; VALENDA ALLEN,
Defendants-Appellees.

No. 14-6115

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

May 6, 2015

NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0334n.06

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

**BEFORE: DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges**

PER CURIAM. Plaintiff LaShaunna Banks files this appeal challenging the district court order that taxed her with the litigation costs of defendants Bosch Rexroth Corporation, Dan Reynolds, Geoff O'Nan, and Valenda Allen (collectively, "Bosch"). Following entry of summary judgment, Bosch applied to the clerk to recover $7,609 of taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. The clerk denied Bosch payment for several items to which Banks objected, including pro hac vice fees, postage charges, and the cost of videotaping depositions, but taxed Banks with the remaining amount, $5,579.14. Banks filed a motion in the district court for review of the clerk's taxation of costs, arguing that she should not be made to pay costs because she is indigent, that she should not be charged for Bosch's second deposition of her, and that the payment of costs should be deferred pending her appeal on the merits. The district court denied Banks's motion and awarded Bosch all the costs

Page 2

the clerk had taxed. This appeal followed. We AFFIRM the district court's taxation of costs in the amount of $5,579.14.

## I. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). "In order to award costs to a prevailing party, the court must determine that the expenses are allowable and that the amounts are reasonable and necessary." *Baker v. First Tennessee Bank Nat. Ass'n*, 142 F.3d 431, 1998 WL 136560 at *2 (6th Cir. 1998) (table).

We have identified several factors a losing party may present to overcome the presumption in favor of a cost award. These include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton*, 241 F.3d at 539 (citing *White & White, Inc.*, 786 F.2d at 730). The indigency of the losing party is another factor that weighs in favor of denying costs, *Id.* (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)), though indigency or *in forma pauperis* status does not "provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Id.* The ability of the winning party to pay his own costs is irrelevant. *White and White, Inc.*, 786 F.2d at 730. We review a district court's decision concerning the awarding of costs for abuse of discretion. *Singleton*, 241 F.3d at 538.

Page 3

**A. The cost of Banks's second deposition**



As a general matter, 28 U.S.C. § 1920(2) and § 1920(4) "have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions," and "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir 1989). On appeal, Banks argues that it was improper for the district court to tax her with the $2,395 cost of her second deposition because it was not "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920(2).

The district court reopened discovery to give Bosch the opportunity to depose Banks a second time, due to newly-produced discovery materials. Banks's second deposition addressed these materials and established many facts cited in support of Bosch's successful motion for summary judgment. If it had been feasible to obtain the pertinent information from Banks in a single deposition, taxing the costs of the second deposition would be inappropriate because those costs would not be reasonable and necessary. Banks, however, has made no such showing here. The deposition was allowed in light of "newly produced discovery," and the extensive use of the deposition in Bosch's motion practice shows that it was "reasonably necessary for the litigation." The district court committed no error by taxing its cost against Banks.

**B. Bosch's other costs**

Banks argues that the district court committed reversible error by failing to determine that each and every item on Bosch's bill of costs was "reasonable and necessary." The final bill of costs is comprised of the following three line items:

| | |
|---|---|
| • Fees of the clerk [for removal to federal court] | 350.00 |
| • Fees for deposition transcripts necessarily obtained for use in the case | 4,827.60 |
| • Fees for the cost of making copies necessarily obtained for use in the case | |
| Total Costs Taxed | |

R. 77, PageID 1485.

Under 28 U.S.C. § 1920(1), a judge or clerk may tax "[f]ees of the clerk and marshal," including removal fees. *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004) (citing 28 U.S.C. § 1920). And as discussed above, "the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales*, 873 F.2d at 120. Finally, § 1920(4) permits "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Banks's motion for review of the clerk's taxing of costs specifically targeted only the cost of the second deposition—no other particular cost was challenged. On appeal Banks reiterated her challenge to the cost of the second deposition, and also argued that she should not be accountable for the removal fee here because she filed in state court, and Bosch itself created that cost by opting to remove.

Our caselaw clearly permits the taxation of costs against a losing party for the cost of removal, *Jefferson*, 360 F.3d at 591, and a deposition that is reasonably necessary for the litigation, *Sales*, 873 F.2d at 120. Because all of Bosch's other taxed costs also fall into permissible categories, and Banks has offered no evidence or argument that any of them in particular was improper, the district court did not abuse its discretion by assessing them against Banks.

**C. Banks's claim of indigence**



Case 2:19-cv-11673-LVP-DRG ECF No. 96, PageID.1619 Filed 11/29/21 Page 13 of 14

Banks v. Bosch Rexroth Corp. (6th Cir. 2015)

Banks further argues that the court erred by taxing her with Bosch's costs despite her showing of indigence. A losing party's indigence weighs against taxing her with the winning party's costs. *Singleton*, 241. F.3d at 539. Nonetheless, district courts retain a substantial amount of discretion to determine whether or not to tax costs against indigent plaintiffs. *Id.* at 539-40. When a party claims indigency, the district court must make "a determination of his or her capacity to pay the costs assessed." *Sales*, 873 F.2d at 120. Furthermore, "district judges are encouraged to consider the question of indigency fully for the record." *Abdur-Rahman v. Ballinger*, 16 F.3d 1218, 1994 WL 18011, at *1 (6th Cir. 1994) (table) (quoting *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987)).

Here, Banks's motion to the district court included an affidavit asserting that she has no yearly income, her only substantial asset is her car, and she is dependent on the government for healthcare. R. 78-1, PageID 1491. Banks entered no other information into the record to support her claim of indigency. The district court opinion discussed Banks's affidavit claiming indigency, yet nonetheless concluded that she had failed to show that she was incapable of paying Bosch's costs. Because the district court considered the facts supporting Banks's claim of indigency and her ability to pay before taxing her with Bosch's costs, we find no abuse of discretion.

## II. CONCLUSION

For the reasons stated above, we AFFIRM the district court's order taxing Banks $5,579.14 for Bosch's litigation costs.



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

**KRISTINA GARCIA,**

Plaintiff,

v.

**BEAUMONT HEALTH and RACHEL LUCA,**

Defendants.

Case No.: 19-cv-11673

Judge Linda V. Parker
Magistrate Judge David R. Grant

| Lisa C. Ward (P38933) | Eric Pelton (P40635) |
|---|---|
| Veronica L. Stachurski (P85110) | Shannon Loverich (P53877) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Law Offices of Lisa C. Ward, PLLC | Kienbaum Hardy Viviano Pelton & Forest, PLC |
| 4131 Okemos, Rd. Ste.12 | 280 N. Old Woodward Ave., Ste. 400 |
| Okemos, MI 48864 | Birmingham, MI 48009 |
| (517) 347-8100 | (248) 645-0000 |
| lisacwardlaw@gmail.com | (248) 645-1385 |
| | epelton@khvpf.com |
| | sloverich@khvpf.com |

**PROOF OF SERVICE**

I, Veronica Stachurski, hereby certify that I served a copy of Plaintiff's Motion To Review Action Of The Taxation Clerk and Brief In Support, via the CM/ECF filing system, which gives notice to all parties.

Dated: November 29, 2021            */s/ Veronica L. Stachurski*
                                    Veronica L. Stachurski
                                    Attorney at Law