UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.

Case No: 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

---

| Lisa C. Ward (P38933) | KIENBAUM HARDY VIVIANO |
|---|---|
| Veronica Stachurski (P85110) | PELTON & FORREST, P.L.C. |
| Law Offices of Lisa C. Ward, PLLC | By: Eric J. Pelton (P40635) |
| Attorney for Plaintiff |     Shannon V. Loverich (P53877) |
| 4131 Okemos Road, Suite 12 | Attorneys for Defendant Beaumont Health |
| Okemos, MI 48864 | 280 N. Old Woodward Ave., Ste. 400 |
| 517-347-8102 | Birmingham, MI 48009 |
| lisacwardlaw@gmail.com | (248) 645-0000 |
| | epelton@khvpf.com |
| | sloverich@khvpf.com |

**DEFENDANT BEAUMONT HEALTH'S RESPONSE TO
PLAINTIFF'S MOTION TO STRIKE DEFENDANT BEAUMONT
HEALTH'S RESPONSE TO PLAINTIFF'S REVISED MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT LUCA**

Plaintiff's Motion to Strike Beaumont's brief opposing her request for a default judgment against co-defendant Luca fundamentally misconstrues the Federal Rules of Civil Procedure. Under Rule 54(b)—dealing with "Judgment on Multiple Claims or Involving Multiple Parties"— a Court *may* direct an entry of final judgment as to one, but not all parties. But if the Court does not do so "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Here, the Court granted Beaumont's motion for summary judgment, but did not direct entry of final judgment as to Beaumont under Rule 54(b). Under the Rule, then, the action has not ended as to Beaumont and thus it remains a party in the case. Further, as described in Beaumont's brief, Garcia is asking the Court to enter a default judgment against a co-party that is inconsistent with the Court's summary judgment ruling as to Beaumont, which Garcia might try to misuse to Beaumont's detriment either now or on appeal. Beaumont plainly has standing, both as an active party to the case and as a party whose own motion ruling is conceivably threatened by the improper relief sought in Garcia's own default judgment motion. The motion to strike should be summarily denied.

1

        Respectfully submitted,

        KIENBAUM HARDY VIVIANO
        PELTON & FORREST, P.L.C.

        By: /s/ *Eric J. Pelton*
            Eric J. Pelton (P40635)
            Shannon V. Loverich (P53877)
        Attorneys for Defendant Beaumont Health
        280 N. Old Woodward Ave. Ste. 400
        Birmingham, Michigan 48009
        (248) 645-0000
        epelton@khvpf.com
Dated:  November 30, 2021     sloverich@khvpf.com

431976

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

/s/ *Eric J. Pelton*
Eric J. Pelton (P40635)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
(248) 645-0000
epelton@khvpf.com

431976