UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.

BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.

Case No: 19-11673

District Judge Linda V. Parker

Magistrate Judge David R. Grand

_____/

| | |
|---|---|
| Lisa C. Ward (P38933)<br>Veronica Stachurski (P85110)<br>Law Offices of Lisa C. Ward, PLLC<br>Attorney for Plaintiff<br>4131 Okemos Road, Suite 12<br>Okemos, MI  48864<br>517-347-8102<br>lisacwardlaw@gmail.com | KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>By: Eric J. Pelton (P40635)<br>    Shannon V. Loverich (P53877)<br>Attorneys for Defendant Beaumont Health<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>sloverich@khvpf.com |

_____/

**DEFENDANT BEAUMONT HEALTH'S RESPONSE TO
PLAINTIFF'S MOTION TO REVIEW ACTION OF
THE TAXATION CLERK AND TAXED COSTS**

Plaintiff's Motion to Review Action of the Taxation Clerk and Taxed Costs is not well taken. Her argument has no basis in procedure, law or fact.

## I. Taxation of Costs Is Not Premature.

Relying on Local Rule 54.1, which states the parties seeking costs must file the bill of costs "no later than 28 days after the entry of judgment," Plaintiff asserts the taxation of costs is premature. Plaintiff's argument makes no sense. The rule sets a deadline by which taxation of costs must be filed, not after which it must be filed. There is nothing in the local rule or Fed. R. Civ. P. 54(d)(1) that precludes the ability of a defendant, whose motion for summary judgment has been granted, from filing its bill of costs. A party in a multi-party claim does not need to seek or wait for "certification" that a particular judgment is ripe for review under Rule 54(b) in order to seek costs.[1]

## II. There Is No Basis to Deny Beaumont Its Costs.

Although the Court has discretion to deny costs, such circumstances are limited. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728

---

[1] Plaintiff appears confused about the purpose of Rule 54(b). On November 24, 2021, Plaintiff filed a motion to strike Beaumont's response to Plaintiff's Revised Motion for Default Judgment asserting Beaumont had no standing to respond to the motion because Beaumont's summary judgment motion was granted. (ECF No. 93.) In response, Beaumont pointed to Rule 54(d) for the proposition that there was not a final appealable judgment in the case because the Court had not issued a "certificate" under Rule 54(b) where there are multiple claims or parties in the case. Although misreading Rule 54(b), Plaintiff now takes the contrary position that Beaumont is still in the case and thus cannot yet seek taxation of costs.

(CA6 1986). The presumption favors awarding costs. It is a "normal incident of defeat." *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). Plaintiff asserts that she acted in good faith, but provides no reason as to why circumstances are sufficient to overcome the presumption in favor of the prevailing party. Plaintiff also falsely asserts that Beaumont included in its costs a deposition transcript that was not used. This is false. Each of the transcripts for which Beaumont seeks costs was cited in Defendant's motion for summary judgment. (See Attachment A to Beaumont Health's Bill of Costs, which described the amount and each page on which the deposition transcripts were cited.) (ECF No. 90.)

Plaintiff also suggests this case is somehow "complex and difficult." It is not. It is a routine Title VII case in which summary judgment was granted. *Hughes v. General Motors Corp.*, 2006 WL 8446311 (E.D. Mich. July 6, 2006) (Title VII case resulting in summary judgment not complex despite three years of litigation.) (Exhibit 1.) Nor does Plaintiff argue undue burden to pay the costs. Instead, she remains gainfully employed with Beaumont Health.

### III. The Clerk's Did Not Tax Non-taxable Fees.

Plaintiff first argues that Kristina Garcia's deposition taken on September 22, 2020, should not be taxed because "Beaumont Health does not cite to the deposition of Kristina Garcia" in its summary judgment motion. This is false. As referenced above, Attachment A to Beaumont's Bill of Costs identifies the specific pages on

2

which this transcript was utilized in Defendant's motion for summary judgment. (ECF No. 90, citing Doc. 72-2 Pg.ID 1056.) Plaintiff then argues that the transcript of Kristina Garcia's deposition dated February 4, 2020 has been overcharged. Plaintiff's basis for this claim is a Michigan statute (M.C.L. §600.1491(2)(b)), which restricts the amount court reporters are entitled to charge. This statute is inapplicable. Not only is it a state as opposed to federal statute, it applies only to court reporters in the circuit courts of Michigan. It has nothing to do with privately hired court reporters.

Finally, Plaintiff complains about costs associated with the transcription of Ms. Carroll and Mr. Aphram's depositions. These depositions were taken by Plaintiff utilizing her court reporter, and Beaumont only seeks the amount it was charged to obtain a copy of the transcript through the court reporting service. These depositions were utilized throughout the motion for summary judgment papers. Beaumont is entitled to be reimbursed for these costs.

The costs sought by Beaumont Health are quite modest and well supported. Plaintiff's motion, as well as its other post-trial motions seeking to strike Beaumont's brief are not well taken. Plaintiff only continues to cost Beaumont attorneys' fees in having to respond to these motions. Plaintiff's motion should be denied.

3

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: /s/ *Eric J. Pelton*
    Eric J. Pelton (P40635)
    Shannon V. Loverich (P53877)
Attorneys for Defendant Beaumont Health
280 N. Old Woodward Ave. Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
sloverich@khvpf.com

Dated: December 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to upon all ECF participants.

        /s/ *Eric J. Pelton*
        Eric J. Pelton (P40635)
        Kienbaum Hardy Viviano
        Pelton & Forrest, P.L.C.
        280 N. Old Woodward Ave., Ste. 400
        (248) 645-0000
        epelton@khvpf.com

432934