**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KRISTINA GARCIA**,

      Plaintiff,

v.

CASE NO.: 2:19-cv-11673

District Judge Linda V. Parker

**Beaumont Health and RACHEL LUCA,**

Magistrate Judge David Grand

      Defendants.

---

| | |
|---|---|
| Lisa C. Ward (P38933) | Eric J. Pelton (P40635) |
| Veronica L. Stachurski (P85110) | Shannon V. Loverich (P53877) |
| Attorneys for Plaintiff | Attorneys for Def. Beaumont Health |
| Law Office of Lisa C. Ward, PLLC | Kienbaum Hardy Viviano Pelton & Forest, P.L.C. |
| 4131 Okemos Rd., Ste. 12 | 280 N. Old Woodward Ave., Suite 400 |
| Okemos, MI 48864 | Birmingham, MI 48009 |
| (517) 347-8100 | (248) 645-0000 |
| lisacwardlaw@gmail.com | epelton@khvpf.com |
| | sloverich@khvpf.com |

---

**PLAINTIFF'S REPLY TO DEFENDANT BEAUMONT HEALTH'S RESPONSE TO PLAINTIFF'S MOTION TO REVIEW ACTION OF THE TAXATION CLERK AND TAXED COSTS**

Plaintiff, by and through her attorneys, Lisa C. Ward and Veronica L. Stachurski, and pursuant to Local Rule 7.1, hereby submits her Reply in support of her Motion to Review Action of the Taxation Clerk and Taxed Costs.

I. **Defendant Beaumont Health is Conflating Procedural Issues in this Case.**

Defendant Beaumont Health's response asserts that Plaintiff's motion is based on Defendant Beaumont Health still being a party in this case, which is untrue. Plaintiff's position is that there has been no judgment entered in this case. Separate and apart from that issue, Plaintiff has also argued that, as a party that has been dismissed from the case, Defendant Beaumont Health lacks standing to oppose Plaintiff's Revised Motion for Default Judgment Against Defendant Luca (ECF No. 87). Furthermore, nothing in Plaintiff's Motion to Review the Action of the Taxation Clerk and Taxed Costs (ECF No. 96) contends that Defendant Beaumont Health is still a party in this case. This Court's Opinion and Order Granting Defendant Beaumont Health's Motion for Summary Judgment (ECF No. 86) adjudicated fewer than all claims on fewer than all parties in the case, and thus, the Court did not enter a judgment for purposes of Fed. R. Civ. P. 54.

II. **Defendant Beaumont Health's Bill of Costs should have been denied.**

Defendant Beaumont Health states that each of the transcripts for which it seeks costs were "cited in Defendant's motion for summary judgment," (ECF No. 99, PageID.1652) however, a review of Defendant Beaumont Health's motion for summary judgment shows that this is untrue. Defendant Beaumont Health's motion for summary judgment did not cite Plaintiff's second deposition, "Volume II," on

September 22, 2020, which begins on page 305. Therefore, Defendant Beaumont Health should not have submitted the bill for Plaintiff's second deposition in its Bill of Costs.

Defendant Beaumont Health states that this is a "routine" Title VII case but makes no argument to support its claim. As Plaintiff explained more fully in her Motion to Review the Action of the Taxation Clerk and Taxed Costs (ECF No. 96), this case included not only copious pages of discovery and over two years of litigation, it also involved new interpretations of law that expanded how protected classes under Title VII are understood. This case was difficult, complex, and Plaintiff acted in good faith through the course of the litigation. Defendant Beaumont Health cites to *Hughes v. General Motors Corp.*, 2006 WL 8446311 (E.D. Mich. 2006) (ECF No. 99-1) in support of its position that this case is a "routine Title VII case." However, the procedural posture of that case is not at all similar to the procedural history in this case. Therefore, under the analysis in *Singleton v. Smith & Ross*, 241 F.3d 534, 539 (6th Cir. 2000) and *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986), it is within this Court's discretion to deny Defendant's taxed costs.

### III. The Taxation Clerk Taxed Non-taxable Costs

As Plaintiff explained in her Motion to Review Action of the Taxation Clerk and Taxed Costs, Plaintiff cited Michigan law regarding the regulation of court reporters to exemplify what fees are reasonable. MCL § 600.1490 defines a court reporting firm as "a business entity that provides the services of court reporters, court recorders, or stenomask reporters." MCL § 600.1490(b). The statute does not limit this regulation to court reporters in the circuit courts of Michigan. As explained in more detail in Plaintiff's Motion (ECF No. 96), none of the transcript costs taxed by Defendant Beaumont Health were reasonable under Michigan law and standards. In fact, the Michigan Court Reporting and Recording Board of Review has found U.S. Legal Support[1] to be in violation of Michigan law for charging unreasonable fees for deposition transcripts and copies, as well as, for charging ancillary fees not requested or agreed to. (Exhibit 1). Thus, Plaintiff contends that the transcript costs submitted by Defendant Beaumont Health in their Bill of Costs (ECF No. 90), and the costs taxed by the Clerk (ECF No. 91) are unreasonable.

---

[1] U.S. Legal Support produced the transcripts for Plaintiff's depositions.

WHEREFORE, for the reasons set forth above, and for all of the reasons stated in Plaintiff's Motion to Review Action of the Taxation Clerk and Taxed Costs, this Court should grant Plaintiff's Motion.

Respectfully submitted,

Dated: December 16, 2021

Lisa C. Ward (P38933)
*/s/Veronica L. Stachurski*
Veronica L. Stachurski (P85110)
Attorneys for Plaintiff
Law Offices of Lisa C. Ward, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
(517) 347-8100
lisacwardlaw@gmail.com

# EXHIBIT 1



**Michigan Court Reporting and Recording Board of Review**

Michigan Hall of Justice
P.O. Box 30048
Lansing, Michigan 48909
Phone: 517-373-9526

Hon. Colleen A. O'Brien, Chair
Hon. Gerald Prill
Hon. Timothy J. Kelly
Hon. Jennifer S. Callaghan
Brad Hall, Esq.
Jessica Jaynes, CSR
Dawn Houghton, CSR
Kristine Fuller, CER
Amy Shankleton-Novess, CER
Stacey Westera, Exec. Secretary

June 28, 2021

Ms. Elizabeth Hardy
Kienbaum, Hardy, Viviano, Pelton, Forrest
280 N. Old Woodward, Suite 400
Birmingham, MI  48009

Mr. Javon R. David
Butzel Long
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304

Re:    Complaint 20-12

Dear Ms. Hardy and Mr. David:

After a hearing on the above complaint, the Board finds that, by automatically charging for ancillary services not requested or agreed to by Mr. McCray, U.S. Legal Support and Esquire Deposition Services are in violation of MCL 600.1491(2)(b).

U.S. Legal Support and Esquire Deposition Services are directed to amend the contested billings and charge Mr. McCray two-thirds the price per page that they charged to the noticing party for a copy of the transcript, remove charges imposed for ancillary services that Mr. McCray did not order or agree to, and refund to him any amounts paid in excess.

Moving forward, U.S. Legal and Esquire Depositions Services are instructed to keep their practices consistent with this decision.

Thank you for your anticipated cooperation.

Sincerely,

Colleen A. O'Brien
Judge, Michigan Court of Appeals
Chair, Michigan Court Reporting and
Recording Board of Review

cc:    Mr. Douglas McCray

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KRISTINA GARCIA**,

        Plaintiff,

v.

        CASE NO.: 2:19-cv-11673

        District Judge Linda V. Parker

**Beaumont Health and RACHEL LUCA,**

        Magistrate Judge David Grand

        Defendants.

_____

| | |
|---|---|
| **Lisa C. Ward (P38933)** | **Eric J. Pelton (P40635)** |
| **Veronica L. Stachurski (P85110)** | **Shannon V. Loverich (P53877)** |
| Attorneys for Plaintiff | Attorneys for Def. Beaumont Health |
| Law Office of Lisa C. Ward, PLLC | Kienbaum Hardy Viviano Pelton & Forest, P.L.C. |
| 4131 Okemos Rd., Ste. 12 | 280 N. Old Woodward Ave., Suite 400 |
| Okemos, MI 48864 | Birmingham, MI 48009 |
| (517) 347-8100 | (248) 645-0000 |
| lisacwardlaw@gmail.com | epelton@khvpf.com |
| | sloverich@khvpf.com |

_____

## PROOF OF SERVICE

    I, Veronica Stachurski, hereby certify that I served a copy of Plaintiff's Reply to Defendant Beaumont Health's Response to Plaintiff's Motion to Review Action of the Taxation Clerk and Taxed Costs, via the CM/ECF filing system, which gives notice to all parties.

Dated: December 16, 2021                      */s/ Veronica L. Stachurski*
                                                                 Veronica L. Stachurski
                                                                  Attorney at Law