UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

        Plaintiff,

v.                                                                    Civil Case No. 19-11673
                                                                      Honorable Linda V. Parker

BEAUMONT HEALTH and
RACHEL LUCA,

        Defendants.
_____/

**OPINION AND ORDER (I) DENYING PLAINTIFF'S REVISED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LUCA; (II) DENYING PLAINTIFF'S MOTION TO STRIKE BEAUMONT HEALTH'S RESPONSE TO THE MOTION; AND (III) SUA SPONTE DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIM AGAINST DEFENDANT LUCA**

        This lawsuit arose from Plaintiff's employment with Defendant Beaumont Health ("Beaumont"). Defendant Rachel Luca ("Luca") was Plaintiff's co-worker. In an Amended Complaint filed March 11, 2020, Plaintiff asserted the following claims: (I) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against Beaumont; (II) sexual orientation discrimination under Title VII against Beaumont; (III) retaliation in violation of Title VII against Beaumont; (IV) sexual harassment under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") against Beaumont; and (V) an ELCRA retaliation claim against Beaumont and Luca. (ECF No. 28.) Luca has failed to respond to this action and

is in default.  (*See* ECF No. 44.)  Plaintiff previously moved for a default judgment against Luca (ECF No. 54), which the Court denied without prejudice until the liability of Beaumont was resolved (ECF No. 70.)

Beaumont thereafter moved for summary judgment with respect to Plaintiff's claims against it (ECF No. 72), and the Court granted the motion on October 25, 2021 (ECF No. 86).  Plaintiff then filed a renewed motion for default judgment against Luca (ECF No. 87), to which Beaumont responded (ECF No. 92.)  Plaintiff has moved to strike Beaumont's response, arguing that because the Court granted summary judgment to Beaumont and terminated it as a party to this action, it lacks standing to weigh in on the default judgment motion.  (ECF No. 93.)

The Court rejects Plaintiff's argument that Beaumont lacks standing to file a response to Plaintiff's motion for default judgment.  The Court has not yet entered a judgment in this action and, therefore, Beaumont technically remains a party to the case and the Court may modify its previous summary judgment decision.  *See* Fed. R. Civ. P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  Unlike the defendant in *United*

2

*States v. Nozik*, No. 96-4168, 1998 WL 381345 (6th Cir. June 25, 1998)—an unpublished opinion on which Plaintiff rests her request to strike Beaumont's brief—Beaumont has interests at stake in the resolution of Plaintiff's default judgment motion. Specifically, Beaumont wants to avoid a default judgment decision that would necessarily be inconsistent with the Court's summary judgment decision.

Even if Beaumont lacks standing to file its response brief, the filing of the brief has no substantive impact on Plaintiff's motion for default judgment or the Court's resolution of that motion. Beaumont does not assert any arguments in its brief that were not already presented when the Court ruled on Plaintiff's first default judgment motion, or of which the Court is not independently aware. In other words, even if the Court struck the motion, it would still reach the same conclusion with respect to Plaintiff's renewed motion for default judgment.

That resolution is that Plaintiff is not entitled to a default judgment against Luca. Contrary to Plaintiff's argument, the Court is not bound at this juncture to accept the allegations in Plaintiff's Amended Complaint as true when deciding whether she is entitled to a judgment against Luca. As the Court explained when deciding Plaintiff's initial default judgment motion:

> if . . . facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to

3

> participate in the proceedings in which the exculpatory facts were proved.

(ECF. No. 70 at Pg ID 856 (quoting *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986).); *see also Douglas v. Metro Rental Servs., Inc.*, 827 F.2d 252, 255 (7th Cir. 1987); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000). The Court has concluded, based on the undisputed evidence, that Luca's conduct was neither severe nor pervasive to constitute actionable retaliatory conduct. (*See* ECF No. 86 at Pg ID 1538-39.) This conclusion precludes Plaintiff from prevailing on her retaliation claim against Luca, also. (*See id* at Pg ID 1537-38 & n.9 (explaining that the antiretaliation provision in Title VII and ELCRA protects individuals not from all retaliation but that which is sufficiently severe or pervasive).) For that reason, the Court is *sua sponte* dismissing with prejudice Plaintiff's claim against Luca.

For these reasons,

**IT IS ORDERED** that Plaintiff's Revised Motion for Default Judgment Against Defendant Luca (ECF No. 87) and Motion to Strike (ECF no. 93) are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Luca

is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                    s/ Linda V. Parker
                                                    LINDA V. PARKER
                                                    U.S. DISTRICT JUDGE

Dated: February 7, 2022