UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINA GARCIA,

    Plaintiff,

v.                                                                                  Civil Case No. 19-11673
                                                                                    Honorable Linda V. Parker
BEAUMONT HEALTH and
RACHEL LUCA,

    Defendants.
_____/

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVIEW ACTION OF THE TAXATION CLERK AND AFFIRMING TAXED BILL OF COSTS

On October 25, 2021, this Court granted summary judgment to Defendant Beaumont Health ("Beaumont"). (ECF No. 86.) At the time, Plaintiff's claims remained pending against Defendant Rachel Luca, who was in default. On November 22, 2021, Beaumont submitted a Bill of Costs, requesting $2,917.48 in costs for court reporter fees. (ECF No. 90.) The Clerk of the Court taxed costs in favor of Beaumont in the amount of $2,537.48 on the same date. (ECF No. 91.) The Clerk of the Court deducted the Realtime costs sought by Beaumont, indicating that such costs are not taxable. (*Id*.) Now before the Court is Plaintiff's motion asking for a reversal of the costs taxed. (ECF No. 96.) The motion has been fully briefed. (ECF No. 99, 100.)

**Plaintiff's Arguments**

In her motion, Plaintiff argues that it was premature for Beaumont to file its bill of costs because a judgment had not yet been entered and, alternatively, that Beaumont's requested costs should have been denied. As to Plaintiff's alternative argument, she urges the Court to exercise its discretion to deny costs because she claims she acted in good faith and the case was complex. Plaintiff further maintains that Beaumont requested unnecessary and unreasonable costs.

Specifically, as to this last argument, Plaintiff maintains that the costs associated with the transcript of her September 22, 2020 deposition should not have been taxed because Beaumont failed to use the transcript in support of its summary judgment motion. Plaintiff also asserts that the fees related to this transcript, as well as the other transcripts for which costs were sought, exceed the amounts permitted under Michigan law and the District's Bill of Costs Handbook.

**Analysis**

Federal Rule of Civil Procedure 54(b) states, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule does not set forth the timing for requesting costs. However, the Local Rules for the Eastern District of Michigan provide: "A party seeking costs must file a bill of costs *no later than* 28 days after the entry of judgment." E.D. Mich. LR 54.1 (emphasis

2

added). The local rule does not say anything about the need for a judgment before a party files its bill of costs. It provides only a deadline by which costs must be sought. Beaumont's bill of costs was, therefore, not premature.

Rule 54 "creates a presumption in favor of awarding costs[.]" *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Nevertheless, the Sixth Circuit interprets the rule as granting courts the discretion to deny costs. *Id.* "The exercise of such discretion is not beyond review[,]" however. *Id.* (citations omitted).

The Sixth Circuit has identified several instances where a court should deny costs to the prevailing party:

> Such circumstances include cases where taxable expenditures by the prevailing part are "unnecessary or unreasonably large", cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are "close and difficult".

*Id.* (internal citations omitted). The Sixth Circuit has advised courts when exercising their discretion to ignore the size of a successful litigant's recovery and its ability to pay its own costs. *Id.* (citation omitted). A court may consider "the good faith the losing party demonstrates in filing, prosecuting or defending [the] action" and "the propriety with which the losing party conducts the litigation." *Id.* (citation omitted). However, the Sixth Circuit has held that "[g]ood faith without

3

more . . . is an insufficient basis for denying costs to a prevailing party." *Id*. at 731.

The presumption in favor of awarding costs is not overcome by Plaintiff's assertions that she acted in good faith and that this case was difficult. First, this case was neither difficult nor complex. The only "complexity" inserted was Plaintiff's attempt to impose liability against Beaumont and in her favor based on Beaumont's alleged disparate treatment *of other individuals*. It was only Plaintiff's misconstruction of the law and the need to correct that construction that rendered this case unusual. Otherwise, it was not difficult to "sift through and organize relevant evidence" or to "discern the law of the case." *White & White*, 786 F.2d at 732-33. As stated, good faith alone does not warrant the denial of costs. *Id*. at 731.

The costs sought by Beaumont were neither "unnecessary [n]or unreasonably large." Plaintiff is correct that Beaumont did not cite to the transcript of her September 22 deposition in its initial summary judgment brief. (*See* ECF No. 72.) However, Beaumont cited extensively to the deposition transcript in its reply brief. (*See* ECF No. 74 at Pg ID 1351, 1352, 1353, 1355, 1356 n.2 & 1357.) The Bill of Costs Handbook allows for court reporter fees for all or any part of a transcript "necessarily obtained *for use in* the case[,]" Bill of Costs Handbook at

4

II.C (emphasis added), not simply transcripts cited in a summary judgment motion or brief.

The Michigan statutes and court rules cited by Plaintiff do not apply to Beaumont's bill of costs in these federal proceedings. *See Cruz v. Don Pancho Mkt., LLC*, 171 F. Supp. 3d 657, 666 (W.D. Mich. 2016) (citing *Erie R.R. Co. Tompkins*, 304 U.S. 64 (1938)) (explaining that federal courts apply federal procedural law whether the case invokes original or diversity jurisdiction). Plaintiff fails to otherwise show that the costs are unreasonable. The Court presumes from Beaumont's citation to the Bill of Costs Handbook that the "Litigation Support Package" reflects the cost of an electronic version of the deposition, which may be taxed. (*See* ECF No. 90 at Pg ID 1572.) "Handl[ing]/Process[ing]" is another way of describing delivery charges, which as Plaintiff acknowledges are taxable.[1] (*Id.*) The Court finds Plaintiff's costs consistent with the transcript fees taxed in other cases.[2]

---

[1] In fact, Beaumont's itemization of these costs describes them as "*Delivery*/Handle/Process." (ECF No. 90 at Pg ID 1572 (emphasis added).) Plaintiff conveniently omits the word "Delivery" in arguing that these costs are not taxable. (ECF No. 96 at Pg ID 1613.)

[2] Notably, the costs Beaumont sought for *four* deposition transcripts ($2,917.48) and the amount taxed ($2,537.48) are not significantly higher than the cost of the *one* transcript for which costs were taxed in the case Plaintiff attached to her motion ($2,395). (*See* ECF No. 96 (citing *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858 (6th Cir. 2015).)

5

For these reasons, the Court is **DENYING** Plaintiff's Motion to Review Action of the Taxation Clerk (ECF No. 96) and **AFFIRMS** the Taxed Bill of Cost entered on November 29, 22, 2021 (ECF No. 91).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 7, 2022